Philip B. Robeson and Furman A. DeMaris, Executors of the Estate of Marie K. Robeson, dec'd and Paula T. Rosenfeld, Appellants, *v.* Philadelphia Tax Review Board, Appellee.

Argued April 3, 1974, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

514

*John O. J. Shellenberger, 3rd,* with him *David H. Rosenbluth,* and, of counsel, *Stradley, Ronon, Stevens & Young,* for appellants.

*Wanda P. Chocallo,* Assistant City Solicitor, with her *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, May 9, 1974:

The appellants, Marie K. Robeson[1] and Paula T. Rosenfeld, are residents of New Jersey who own a rental property in Philadelphia. The tax collection authorities of the City of Philadelphia assessed them in the amount of $471.15 for allegedly unpaid Mercantile License Taxes[2] for the years 1953 through 1968, and in the amount of $1802.32 on account of Wage and Net Profit Taxes [3] allegedly due for the years 1940 through 1967. The appellants filed a petition to review these assessments with the Tax Review Board, a

---

[1] Mrs. Robeson died during the litigation and her executors substituted on the record.

[2] Philadelphia Code §19-1001 et seq.

[3] Philadelphia Code §19-1501 et seq.

departmental board created by Section 3-100(f) of the Philadelphia Home Rule Charter.

The issue raised by the petition for review was that of whether the manner of the appellants' acquisition of the property and their activities with regard to it thereafter were such as to subject them to the taxing ordinances. The appellants, of course, contended that they were not taxable because their circumstances were similar to those in *Price v. Tax Review Board,* 409 Pa. 479, 187 A.2d 280 (1963). The city contended that the circumstances were more nearly similar to those in *Coventry Hills, Inc. v. Philadelphia Tax Review Board,* 437 Pa. 259, 263 A.2d 348 (1970); *Kungsgaten, Inc. v. Philadelphia,* 422 Pa. 209, 220 A.2d 803 (1966); *Tax Review Board v. Brine Corporation,* 414 Pa. 488, 200 A.2d 883 (1964); and *Philadelphia Tax Review Board v. Weiner,* 211 Pa. Superior Ct. 229, 235 A.2d 184 (1967), and that, therefore the appellants were subject to tax. We need not decide this issue for the reasons hereafter set out.

The Tax Review Board conducted a hearing in the matter of the appellants' petition for review on July 1, 1969, at which time evidence was received relevant to the above stated issue. At this hearing, an assistant city solicitor pointed out to the Tax Review Board that, at the request of counsel for the appellants, a deputy city solicitor had ruled that the appellants were subject to the taxes and that a copy of this letter had been forwarded to the Tax Review Board. Nevertheless, the Tax Review Board on May 19, 1970 granted the petition for review.[4] The city did nothing further until September 1, 1970, on which date a deputy city solicitor sent a letter to the Tax Review Board, the full text of which

---

[4] It is not disputed that this action constituted a decision by the Tax Review Board that the appellants were not subject to the taxes.

is as follows: "The City requests a rehearing in the above matters [one being this case] due to the fact that the Tax Review Board failed to observe a prior written ruling of the City Solicitor's Office."

Counsel for the taxpayers opposed the request on several grounds one of which was the delay of the city in seeking a rehearing. The Tax Review Board granted the city's request and conducted a hearing which consisted of colloquy at which counsel for the appellants reiterated his position that the application for rehearing was untimely and an assistant city solicitor contended that the Tax Review Board had no power to make its earlier decision contrary to an opinion of a deputy city solicitor. On August 31, 1971, more than fifteen months after it had decided the matter for the appellant, the Tax Review Board filed an opinion denying the appellants' petition on the merits, citing *Philadelphia Tax Review Board v. Weiner, supra.*

The Court of Common Pleas, on appellants' appeal, affirmed the Board, again on the merits, and without mention of the appellants' contention that the Tax Review Board improperly granted rehearing on an application made more than three months after it had finally adjudicated the case. We agree with the appellants that the Tax Review Board should not have entertained the city's request for rehearing and we therefore reverse.

The Philadelphia Tax Review Board is a local agency subject to, and its decision in favor of the appellants made May 19, 1970 was an adjudication as defined by, The Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11302 et seq. *Harrington v. Philadelphia Civil Service Commission,* 4 Pa. Commonwealth Ct. 580, 287 A.2d 912 (1972). Section 7 of The Local Agency Law, 53 P.S. §11307, provides that any person aggrieved by a final adjudication may appeal and that such appeal "shall be taken within 30 days to the Court

of Common Pleas of any judicial district in which the local agency has jurisdiction." The Local Agency Law contains no provision for rehearing adjudications.

The provisions of the Philadelphia Code relating to the Tax Review Board are at Chapter 19-1700. Section 19-1706 contains two subsections, as follows:

"(1) Decisions of the Tax Review Board pertaining to compromises and waiver of interest or penalty shall be final and conclusive and shall not be the subject of further review by any court.[5]

"(2) *Other decisions* of the Tax Review Board *may be appealed* to any court of competent jurisdiction *within 30 days* after the mailing of notice of such decision or action to the petitioner or his attorney by the Tax Review Board." (Emphasis supplied).

While the Philadelphia Code at §19-1701(2)(a) gives the Tax Review Board power to make rules and regulations "to implement the provisions of this Chapter," no rule or regulation of the Tax Review Board relating to rehearings have been brought to our attention by the parties.

We take it to be a fundamental proposition of law that a rule or regulation of an administrative agency may not be inconsistent with, or contrary to, the provisions of a statute. 1 P.L.E., Administrative Law and Procedure, Section 33. The ground for the city's request for rehearing was clearly one which could have been advanced to the Court of Common Pleas on appeal. The application for rehearing was, therefore, simply an appeal to the departmental board which had decided the case, taken, moreover, long after the time allowed for an appeal from that board to the courts. The *action*

---

[5] The question may be asked whether this subsection, not involved in this case, is in conformity with Section 9 of Article V of the Commonwealth Constitution as implemented by the Local Agency Law.

of the Tax Review Board in granting the rehearing was therefore contrary to two statutes, Section 7 of the Local Agency Law and Section 19-1706(2) of the Philadelphia Code.

The only argument the city makes in support of the Tax Review Board's action is that because of other provisions of the Philadelphia Code and the Philadelphia Home Rule Charter, the Board was obliged to follow the Law Department's ruling, and that, having failed to do so, its decision was "a nullity." If it was a nullity, it is difficult to understand why the city sought its reversal.

Our holding does not inflict any unusual constraint upon this city departmental board. As the appellants point out, Supreme Court Rule of Civil Procedure 1522 provides that petitions for rehearing of equity cases decided by Courts of Common Pleas must be filed within the time for taking an appeal. Reference to law and regulation concerning agencies of the Commonwealth may also be of interest in this connection. Section 35 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, 71 P.S. §1710.35 confers upon agencies of the Commonwealth the power to make regulations prescribing their practice and procedure "not inconsistent with law." Among the General Rules of Administrative Procedure promulgated in pursuance of the power so granted is that found at 1 Pa. Code §35.241, providing that a petition for rehearing or reconsideration must be filed within 15 days after the issuance of any adjudication or other final order and that the denial of the petition shall constitute the adoption of a fresh order for the purpose of computing the time for appeal.

The order of the court below is reversed; and the order of the Tax Review Board made May 19, 1970 is reinstated.