Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Michael Moraiti, Upper Darby Auto Center, Inc., Appellee.

28

Argued December 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR. and BLATT, sitting as a panel of three.

Held: Reversed. Suspension order reinstated.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Michael Moraiti,* appellee, for himself.

OPINION BY JUDGE CRUMLISH, JR., February 24, 1978:

The Commonwealth of Pennsylvania, Department of Transportatiion, Bureau of Traffic Safety (Bureau) appeals the order of the court of common pleas which reversed its determinatiion to suspend the Cer-

tificate of Appointment as Official Public Inspection Station (Certificate) of Upper Darby Auto Center, Inc. (Appellant).

The facts of this case are not in dispute. Michael Moraiti (Moraiti), a certified inspection mechanic, admitted giving an automobile inspection certificate from Appellant's service station to a customer without performing the required inspection. His certificate was suspended and the suspension is not here at issue. Bureau also suspended Appellant's certificate as is required by Section 819(b) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §819(b)(Act),[1] which requires Bureau to suspend the certificate of stations where the inspections are "being improperly conducted." The Act also provides

[t]hat if the servant or employee of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment as herein provided.

The court below reversed Appellant's suspension holding that "[t]he Commonwealth failed to prove that Moraiti, in improperly issuing this sticker, acted with the authority, consent or knowledge of his employer, Upper Darby Auto."

We cannot agree and reverse the court below.

The court below improperly placed the burden of proof as to the extent of Appellant's knowledge of Moraiti's act upon the Bureau rather than upon Appellant. Our Supreme Court held in *Commonwealth*

---

[1] The Vehicle Code was repealed by the Act of June 17, 1976, P.L. 162, effective July 1, 1977.

*v. W. J. Harris & Son,* 403 Pa. 598, 601, 170 A.2d 591, 592-3 (1961), that "once a violation has been proven by the Commonwealth, the burden is upon the defendant to bring himself within the scope of this exception." It is clear from the record that Appellant failed to carry this burden.

Moraiti was the secretary of the Appellant corporation and Appellant's Certificate was made out in his name and was the only name of a corporate officer appearing on the certificate. The only evidence offered by Appellant that it did not know of Moraiti's act was an oral stipulation that the president of Appellant corporation, who also worked at the station, had no personal knowledge of this *particular* act. Since this act was committed by the secretary of the corporation, a bare stipulation that the president of the corporation had no knowledge of it is insufficient to relieve the employer corporation of its imputed knowledge.

The employer in this case is a corporation which "can acquire knowledge or notice only through its officers." *A. Schulman, Inc. v. Baer Co.,* 197 Pa. Superior Ct. 429, 434, 178 A.2d 794, 796 (1952). Where an officer of the corporation has performed the illegal act on behalf of and in furtherance of the corporation's business, knowledge of that act may fairly be imputed to the corporation.[2] In an unreported decision, *McKnight Road Dodge, Inc. v. Department of Transportation, Bureau of Traffic Safety,* No. 1687

---

[2] "In accordance with a well established rule of the law of agency, a corporation is bound by the knowledge acquired by, or notice given to, its officers or agents which is within the actual or apparent scope of their authority or employment and which is in reference to a matter to which their authority or employment extends." 19 Am. Jur. 2d, Corporations, §1263. *See also United States v. Hilton Hotels Corp.,* 467 F.2d 1000, 1004-05 (9th Cir. 1972); *cert. denied,* 93 S. Ct. 938 (1973).

C.D. 1973, decided April 15, 1974, a case with a similar factual posture, Judge MENCER held that corporate entity responsible for knowledge of an improper act committed by its president and manager. The secretary of the corporation, whose name appears on its certificate, must, barring any unusual circumstances, be treated for the purposes of the Act the same as the president and manager.

Accordingly, we

ORDER

AND Now, this 24th day of February, 1978, the order of the Court of Common Pleas of Delaware County is reversed and the suspension of Upper Darby Auto Center, Inc., is reinstated for one (1) year.