Ascension Manor, Inc., Appellant *v.* Tax Review Board of the City of Philadelphia, Appellee.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Christopher F. Stouffer*, with him *Hamilton, Darmopray & Malloy*, for appellant.

*Michael N. Silver*, Assistant City Solicitor, with him *Anthony J. Sciolla, Jr.*, Assistant City Solicitor, *John M. McNally, Jr.*, First Deputy City Solicitor, and *Sheldon L. Albert*, City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, JR., December 1, 1978:

The narrow issue here presented is whether the Tax Review Board of the City of Philadelphia has jurisdiction to hear an appeal from a decision of the Water Department with regard to the water rate to be applied to appellant. The question is answered by Section 19-1702(1) of the Philadelphia Code which provides:

Petitions for Review

(1) Every petition for review of any decision or determination relating to the liability of any person for any unpaid money or claim collectible by the Department of Collections, including, but not limited to, any tax, water or sewer rent, license fee or other charge, and interest and penalties thereon, shall be filed with the Tax Review Board within 60 days after the mailing of a notice of such decision or determination to the petitioner.

The appellant had been paying a water rate applied to charities. In 1974 the Water Department no-

tified appellant it would thereafter pay a regular rate. After its application for reinstatement of the charity rate was denied by the Water Department on May 28, 1976, an appeal was taken to the Tax Review Board. The Tax Review Board denied the appeal, not on the merits but on the basis of lack of jurisdiction. This position was affirmed by the Court of Common Pleas of Philadelphia County. We must reverse and remand.

The City Solicitor and the Common Pleas Court drew a distinction between a dispute over rates which would be appealable and a dispute over status which the City Solicitor ruled and the Common Pleas Court affirmed could not be decided by the Tax Review Board. We see no basis for any such distinction. The rate is determined by the status.

The Tax Review Board takes the position that it is bound by the opinion of the City Solicitor. This question was raised but not ruled upon in *Robeson v. Philadelphia Tax Review Board*, 13 Pa. Commonwealth Ct. 513, 319 A.2d 201 (1974). We now rule that when the Tax Review Board is acting in a judicial or quasi-judicial capacity, as it would be here, it is not bound by the City Solicitor's ruling. *Merchants' Warehouse Co. v. Gelder*, 349 Pa. 1, 36 A.2d 444 (1944). However, whether it is bound to follow the ruling of the City Solicitor as to its jurisdiction, neither the Common Pleas Court nor this Court is so bound and the proper avenue to raise the issue is on appeal from the Tax Review Board's decision.

Accordingly, we will enter the following

ORDER

AND Now, December 1, 1978, the decision of the Court of Common Pleas of Philadelphia County in No. 4318 January Term 1977, entered on June 1, 1977,

is reversed and the case is remanded to the Common Pleas Court to remand to the Tax Review Board for a decision on the merits.

Judge MacPhail concurs in the result only.