Unico Village, Inc. *v.* Philadelphia Water Dept. and Philadelphia Dept. of Collections. City of Philadelphia, Appellant.

Argued April 4, 1979, before President Judge Bow-MAN and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG and MACPHAIL. Judges CRUMLISH, JR., MENCER and DI-SALLE did not participate.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *James M. Penny, Jr.,* Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellant.

*Richard J. Gordon,* with him *Benjamin R. Jones,* and, of counsel, *Dilworth, Paxson, Kalish, Levy & Kauffman,* for appellee.

OPINION BY JUDGE ROGERS, June 15, 1979:

Philadelphia Water Department Regulation 34(B) (1)(b) modified the phrase "purely public charity" appearing in the Philadelphia Code by limiting the class described to organizations "which are supported by voluntary contributions" and, based on the modification, denied Unico Village, Inc. the benefit of charity water rates. On appeal, the Court of Common Pleas of Philadelphia County held the modification void, ordered the Water Department to supply Unico water at the charity rates pursuant to Section 5-801 of the Philadelphia Home Rule Charter and Section 13-101(2)(e) of the Philadelphia Code, and the City Department of Collections to refrain from collecting from Unico charges for water other than at charity rates.

Unico is a non-profit corporation which operates an apartment community for elderly persons of limited income. It is exempt from federal and state income taxation and local real estate taxation. The Water Commission denied Unico's application for charity rates. Unico filed a petition for review with the Philadelphia Tax Review Board which, after conducting hearings, determined that Unico was a "purely public charity" entitled to charity rates although not supported by voluntary contributions. The Philadelphia Department of Collections, however, refused to follow the decision of the Tax Review Board and threatened to shut off the water supply to Unico unless regular rates were paid. The Department of Collections as-

serted that the Tax Review Board had no jurisdiction to adjudicate Unico's entitlement to charity rates. Unico then filed a complaint in mandamus and equity against the Water Department and the Department of Collections seeking an order that defendants abide by the decision of the Tax Review Board. The court below granted Unico the relief it sought. The defendants filed exceptions which were dismissed and a final decree, described above, was entered. The Water Department and the Department of Collections have appealed.

Three questions are raised by the appellants.

1. Did the Tax Review Board exceed its jurisdiction in granting relief from a determination of the Water Department regarding the water rate applied to appellant?

2. Did the Tax Review Board abuse its authority in entertaining plaintiff's petition after the Law Department had advised the Board that it had no jurisdiction over the instant matter?

3. Is the Water Department's Regulation 34(B)(1)(b), promulgated pursuant to legislative power granted the Department by the Philadelphia Code, a valid interpretation of legislative intent?

The first two questions were answered adversely to the appellants in *Ascension Manor, Inc. v. Tax Review Board of Philadelphia*, 38 Pa. Commonwealth Ct. 647, 394 A.2d 1067 (1978), and require no further comment. The Tax Review Board had jurisdiction to review Department rates as they affected Unico and was not bound to follow the Law Department's advice as to its jurisdiction.

Philadelphia Water Department Regulation 34(B) (1)(b), the subject of the third question, reads:

(1) The charges and rates established above shall be applied to all categories of services to general customers *except for* . . . .

(b) institutions of purely public charity which are supported by voluntary private contributions excluding any separate or adjoining facilities for structures not used primarily for the principal purpose of the charity. . . .

The Regulation was intended to implement Section 13-101(2)(e) of the Philadelphia Code, which provides:

(2) .Standards for Rates and Charges:

Pursuant to Section 5-801 of the Charter, the Water Department shall fix and regulate rates and charges for supplying water in accordance with the following standards:

. . . .

(e) Special rates and charges, to be designated as 'charity water rates and charges,' shall be established for public and private schools, institutions of purely public charity, and places used for actual religious worship.

The court below concluded that Regulation's modification of the phrase "purely public charity" by the limitation "which are supported by voluntary contributions" was void. We discern no error of law in this conclusion.

Administrative rule-making power may be either legislative or interpretative. We believe that Regulation 34(B)(1)(b) was adopted pursuant to the Water Department's interpretative rule-making power and, therefore, depends for its validity "upon the willingness of a reviewing court to say that it in fact tracks the meaning of the statute it interprets." *Uniontown Area School District v. Pennsylvania Human Relations Commission,* 455 Pa. 52, 77, 313 A.2d 156, 169 (1973). *Accord, Pennsylvania Association of Life Underwriters v. Pennsylvania Department of Insurance,* 29 Pa. Commonwealth Ct. 459, 371 A.2d 564 (1977). The phrase "purely public charity" clearly includes institutions other than those supported by voluntary pri-

vate contributions. In *Four Freedoms House of Philadelphia, Inc. v. City of Philadelphia*, 443 Pa. 215, 279 A.2d 155 (1971), the Pennsylvania Supreme Court decided that "there can be no doubt that providing low-cost housing for elderly persons with limited incomes constitutes a public charity." 443 Pa. at 219, 279 A.2d at 157. Although the issue before the Court in that case was whether a non-profit corporation much like Unico that owned and operated low cost housing for elderly persons with limited incomes was entitled to exemption from local real estate taxes, the Court's reasoning applies with equal force here. Unico is a purely public charity despite the fact that its tenants are required to pay a share of its operating expenses in the form of rent.

We therefore affirm the order of the court below.

President Judge BOWMAN dissents.

### ORDER

AND Now, this 15th day of June, 1979, the order of the Court of Common Pleas of Philadelphia County, entered on June 28, 1977, is hereby affirmed.