Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. F. David Searer, Jr., Appellee.

Argued February 7, 1980, before Judges Crumlish, Jr., Mencer and Craig, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*John N. Miller* of *Thatcher and Miller,* for appellee.

OPINION BY JUDGE MENCER, April 11, 1980:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Mifflin County reversing the order of the Director of the Bureau of Traffic Safety (Bureau) which suspended, for a 3-month period, the certificate of appointment as an official public inspection station issued to F. David Searer, Jr., trading and doing business as Searer's Garage (Searer). We reverse.

On July 18, 1977, Gerald L. Wilson brought a 1965 Chevrolet to the Searer Garage. This vehicle was not, on that date, registered with the Pennsylvania Department of Transportation and did not have thereon a valid inspection sticker. Wilson requested that John M. Walker inspect the 1965 Chevrolet. Walker was a certified inspection mechanic employed by Searer. Wilson left the car at the garage but was contacted later that day and informed that the car could not be inspected without a current registration but that Walker had checked the vehicle. Wilson returned to Searer's Garage and removed the car from the premises.

On July 19, 1977, Wilson returned to the garage and told Walker that he had sold the car but that he was afraid to drive the car to the garage without an

inspection sticker. Wilson asked Walker if Walker would give him an inspection sticker. Walker wrote out a sticker and handed it to Wilson who took it to his home and placed it on the 1965 Chevrolet vehicle.

Searer was cited for a violation of the Vehicle Code (Code), 75 Pa. C.S. §4730(b).[1] At the de novo hearing before the Court of Common Pleas following Searer's appeal from the Bureau's suspension of his certificate of appointment, Trooper Vandzura of the Pennsylvania State Police identified the official inspection record reflecting that the 1965 Chevrolet had been inspected at the Searer Garage on July 19, 1977 and produced the sticker which Wilson had placed on the vehicle in question. Trooper Vandzura testified to the conversation that he had with Walker during which Walker admitted that he handed the inspection sticker to Wilson. Later in the hearing Walker testified that he had given the sticker to Wilson.

On two occasions during the hearing, the attorney for Searer acknowledged that Walker had committed a violation of the Code. At one point the attorney stated: "We're saying we did it. We're saying we did it, there was a violation here." Later in the hearing, Searer's attorney stated: "So that there's no question what the Commonwealth says was done was done. The question is how it affects Mr. Searer, in whether he knew...."

Yet the trial court concluded the following: "We do not believe that the Commonwealth proved that Walker violated 4730(b) for three reasons."

---

[1] 75 Pa. C.S. §4730(b) reads as follows:

(b) Unauthorized use by official inspection station.—No official inspection station shall furnish, loan, give or sell certificates of inspection and approval to any other official inspection station or any other person except upon an inspection made in accordance with the requirements of this chapter.

We must agree with the Commonwealth that the trial court was in error when it ruled on an issue not presented to it. Searer at no time contended that Walker had not violated Section 4730(b) of the Code. Issues not raised in the trial court are waived. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972); *Cf. Hrivnak v. Perrone,* 472 Pa. 348, 372 A.2d 730 (1977) (trial court's sua sponte charge relating to a theory of recovery in a trespass action not raised by plaintiff held improper).

The only issue raised in the trial court was Searer's contention that the exculpatory language contained in Section 819(b) of The Vehicle Code of 1959[2] should be applicable to a suspension proceeding instituted under the Code, 75 Pa. C.S. §4724, which section does not contain such exculpatory language.

Prior to July 1, 1977, Section 819(b) was applicable law, and the suspension of an inspection station's certificate of appointment as a result of an employee's actions was subject to the limitation that

> if the servant or employe of any such inspection station shall without the authorization, knowledge or consent of his employer, violate any of the provisions of this act in reference to the inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided.

The burden was on the employer to prove himself within the scope of the exception. *Department of Transportation, Bureau of Traffic Safety v. Moraiti,* 34 Pa. Commonwealth Ct. 27, 382 A.2d 997 (1978).

The trial court did not reach or pass upon this issue and we would almost always remand for its con-

---

[2] Act of April 29, 1959, **P.L.** 58, *as amended, formerly* 75 **P.S.** §819(b), repealed by the Act of June 17, 1976, **P.L.** 162.

sideration of the issue. However, since Searer's position is devoid of merit, and this appears to be a case of first impression, we will, in the interest of judicial economy, rule upon the issue here.

Authorization to make official inspections of motor vehicles in Pennsylvania is a privilege and not a right. *Commonwealth v. W. J. Harris & Son,* 403 Pa. 598, 170 A.2d 591 (1961). The inspection of motor vehicles is required in an effort to remove vehicles in an unsafe condition from being operated upon the highways, with the hoped-for result of reducing loss of life and injury. Therefore, once a violation of the inspection provisions of the Code has taken place, the Bureau has not only the power as set forth in Section 4724 of the Code, but the duty, to suspend the certificate of appointment. The limitation of Section 819(b) of The Vehicle Code of 1959 was an exception to the general authority of the Bureau. *Id.*

Since the Code does not contain the exception set forth in Section 819(b) of the previous vehicle code, its elimination must be presumed to eliminate the opportunity for a holder of a certificate of appointment to bring himself within an exception to the general authority of the Bureau. The elimination of this exception places inspection station certificate holders in a position of being responsible for the actions of their employees committed in the scope of their employment.

Thus, the general law of agency has application here and station operators do have strict responsibility for the conduct of their employees relative to the inspection of motor vehicles. A similar result attains under the provisions of the Liquor Code,[3] since a holder of a liquor license cannot profess lack of knowledge as a defense to violations by his employees of the

---

[3] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

Liquor Code. *Sapia Liquor License Case,* 34 Pa. Commonwealth Ct. 271, 383 A.2d 1283 (1978). Licenses granted under the provisions of the Liquor Code are deemed to have a privilege status rather than one of right. Likewise, as we have noted, the authorization to make official inspections of motor vehicles is deemed a privilege.

The trial court was of the view that, on this record, Section 4730(b) of the Code had not been violated. We have no difficulty in concluding to the contrary. Walker, the agent of Searer, admitted that he gave Wilson an inspection certificate and no evidence was offered to bring this event within the exception contained in Section 4730(b); namely, that the giving of the inspection certificate was upon an inspection made in accordance with Chapter 47 of the Code, 75 Pa. C.S. §§4701-4732. Thus, Searer, the official inspection station here, has violated the provisions of Section 4730(b).

Accordingly, the trial court should have decided that the suspension was in accordance with the applicable law and should have affirmed the Bureau's suspension. Therefore, we must reverse the order of the trial court.

Order reversed.

ORDER

AND Now, this 11th day of April, 1980, the order of the Court of Common Pleas of Mifflin County, dated November 15, 1978, sustaining the appeal of F. David Searer, Jr., trading and doing business as Searer's Garage, is reversed, and the 3-month suspension of the certificate of appointment of said F. David Searer, Jr., trading and doing business as Searer's Garage, ordered by the Director of the Bureau of Traffic Safety, is reinstated, with credit allowed for the time said suspension was in effect prior to the granting of the supersedeas by the court below.

474

President Judge Bowman did not participate in the decision in this case.