374

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Harry Hagen and Robert Hagen t/d/b/a Harry & Bob's Auto Service, Appellees.

Argued November 17, 1980,. before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transpor-

tation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

No appearance for appellees.

OPINION BY JUDGE ROGERS, December 17, 1980:

Harry and Robert Hagen, co-partners, trading as Harry & Bob's Auto Service, operated an official state inspection station. Each also held a state inspection mechanic's license. Harry Hagen inspected an automobile owned by James Mayberry. A Pennsylvania State Trooper was called to a K-Mart Department Store garage to examine Mr. Mayberry's automobile. The Trooper concluded that the vehicle should not have been passed for inspection. Questioned, Harry Hagen professed no recollection of the Mayberry automobile but conceded that his records showed he had passed it for inspection.

A Departmental hearing was held at which Harry Hagen presented evidence. In accordance with Sections 4724(a) and 4726 of the Vehicle Code, 75 Pa. C. S. §§4724(a), 4726, two suspension notices were served at Harry & Bob's Auto Service. Both had Harry Hagen's name at the top with the business name, Harry & Bob's Auto Service, immediately beneath. By one of the notices Harry Hagen's certification as an inspection mechanic was suspended for three months and by the other the inspection station's certificate of appointment was suspended for three months.

Harry Hagen appealed from the action of the Department suspending his, Harry Hagen's, mechanic's license and Harry and Robert Hagen appealed the Department's suspension of the partnership's certificate of appointment of Harry & Bob's Auto Service to inspect, to the Common Pleas Court of Cambria County which granted them a supersedeas.

After hearing the cases *de novo,* the court below dismissed Harry Hagen's appeal as to his mechanic's license and no appeal has been taken from that decision. The court sustained the partnership's appeal from the suspension of Harry & Bob's Auto Service's certificate of appointment. The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau) appealed from this part of the lower court's decision.

The lower court sustained the partnership's appeal, as we understand the opinion, either because it believed that the effect of the suspension of the station's certificate of appointment was to suspend Robert Hagen's mechanic's license or because Robert Hagen was not given adequate notice of the suspension of the partnership's certificate of appointment. Since Robert Hagen's mechanic's license was never in question and the notice given the partnership was proper, we reverse the order sustaining the partnership's appeal from the suspension.

Under the Vehicle Code a station's certificate of appointment will be suspended if any mechanic employed at the station does not adhere to the requirements for performing inspections. Section 4724(a), *Department of Transportation, Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980). Further, the Uniform Partnership Act, 59 Pa. C. S. §325 provides that the partnership is responsible for any wrongful acts of any partner done in the course of the partnership business. Consequently, because Harry Hagen was found to have made an improper inspection the station's certificate of appointment was subject to suspension.

As for the question of notice, the letter in the record from the Bureau scheduling the departmental hearing was addressed to the partnership, Harry & Bob's Auto Service, as well as Hagen, and it was

mailed to the partnership's place of business. This was clearly sufficient notice to the partnership.

Accordingly, we enter the following:

ORDER

AND Now, this 17th day of December, 1980, the order of the Court of Common Pleas of Cambria County dated February 22, 1979 insofar as it sets aside the suspension of Harry & Bob's Auto Service's certificate of appointment as an official inspection station is reversed and said suspension is ordered reinstated.