Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Donald L. Stahl, Appellee.

Submitted on briefs May 9, 1983, to Judges CRAIG, MACPHAIL and BARBIERI, sitting as a panel of three.

*John M. Hrubovsak,* Assistant Attorney General, with him *Harold H. Cramer,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Gregory J. Ricci,* for appellee.

OPINION BY JUDGE CRAIG, June 9, 1983:

The Department of Transportation appeals an order of the Court of Common Pleas of Dauphin County, which reversed the department's one-year suspension of service station owner Donald L. Stahl's certificate of appointment to conduct motor vehicle inspections.

The department's suspension followed a Pennsylvania state trooper's observation, on May 11, 1979, of mechanic Charles Kline, an employee of Stahl, affixing an inspection sticker to the windshield of an automobile owned by Kline. At that time, the trooper reinspected that vehicle and discovered numerous violations.[1] The parties have stipulated that the vehicle did not meet inspection standards.

The trooper continued his investigation, and found that Kline's driver's license had expired on December 31, 1978, and was not renewed until May 18, 1979. In that period, Kline had inspected 245 cars, inspections

---

[1] The violations included: (a) right front brake hose was split, (b) right side front floor was rusted out ten inches by two inches, (c) left side front floor was rusted out six inches by three inches, (d) right rear fender was rusted out six inches by four inches, (e) no rubber pads on the brake pedal or clutch pedal, (f) no battery holddown, (g) horn didn't work.

which involved conducting road tests on each car; the department treated the 245 inspections as one violation. In finding two violations of 75 Pa. C. S. §4727 (b)[2]—the inspection of Kline's automobile and the conducting of road tests without a license—the department suspended Stahl's certificate of appointment for one year,[3] under 75 Pa. C. S. §4724(a), which provides:

> The department shall supervise and inspect official inspection stations and may suspend the certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.

The question here is the extent to which a service station owner, without any proof of personal knowledge, can be held responsible for the actions of his employee. In *Department of Transportation, Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980), we noted that before the enactment of section 4724(a) on July 1, 1977, section

---

[2] 75 Pa. C. S. §4727(b) was amended by section 2 of the Act of June 18, 1980, P.L. 223. However, this amendment has not significantly changed section 4727(b), which at the time of the alleged violations, read:

An official certificate of inspection shall not be issued unless the vehicle is inspected and found to be in compliance with the provisions of this chapter including any regulations promulgated by the department. . . .

[3] The department classified both violations as faulty inspections, which, under 67 Pa. Code §175.51, mandates a three-month suspension for the first violation and a one-year suspension for the second violation. The department determined that the penalties should run concurrently. Furthermore, Stahl's suspension had been in effect for two months and sixteen days before the common pleas court reversal.

819(h) of The Vehicle Code,[4] then applicable, provided that the suspension of an inspection station's certificate of appointment as a result of an employee's action was subject to the following limitation:

> [I]f the servant or employe of any such inspection station shall *without the authorization, knowledge or consent of his employer,* violate any of the provisions of this act in reference to inspection of vehicles, such violation or violations shall not be the cause of the suspension of the certificate of appointment, as herein provided, but such employe shall be subject to prosecution as hereinafter provided. (Emphasis added.)

*Id.* at 471, 413 A.2d at 1159.

Concerning the removal of this exculpatory clause in section 4724(a), we said:

> Since the Code does not contain the exception set forth in Section 819(b) of the previous Vehicle Code, its elimination must be presumed to eliminate the opportunity for a holder of a certificate of appointment to bring himself within an exception to the general authority of the Bureau. *Elimination of this exception places inspection station certificate holders in a position of being responsible for the actions of their employes committed in the scope of employment.* (Emphasis added.)

*Id.* at 472, 413 A.2d at 1159. Thus, this court interpreted section 4724(a) as placing strict liability on the owner for all acts of his employees conducted in the scope of their employment.

In describing the term "scope of employment," our Superior Court, in *Shuman Estate v. Weber,* 276

---

[4] Act of April 29, 1959, P.L. 58, *as amended,* formerly 75 P.S. §819(b), repealed by the Act of June 17, 1976, P.L. 162.

Pa. Superior Ct. 209, 216, 419 A.2d 169, 173 (1980), stated:

> To be considered within the scope of employment, conduct must meet the following criteria: (1) it must be of the kind that actor was employed to perform; (2) it must occur substantially within the authorized time and space limits; and (3) it must be actuated, at least in part, by a purpose to serve the master. [Citations omitted.] It is not necessary, however, that the acts be specifically authorized by the master to fall within the scope of employment; it is sufficient if they are clearly incidental to the master's business. [Citations omitted.]

Thus, 67 Pa. Code §175.29(6), the department's regulation which provides that an owner is responsible, with or without his knowledge, for acts conducted by his employee relating to inspections,[5] must be construed as applying only where the employee acted within his scope of employment so that the regulation may be consistent with the department's statu-

---

[5] 67 Pa. Code §175.29(6) provides:

It shall be the responsibility of the owner of an inspection station to do all of the following:

. . . .

(6) To assume full responsibility, with or without actual knowledge, for:

(i) Every inspection conducted by an employe of the inspection station.

(ii) Every inspection conducted on the premises.

(iii) Every certificate of inspection issued to the inspection station.

(iv) Every certificate of inspection issued by the inspection station.

(v) Any violation of the Vehicle Code or this chapter related to inspections committed by any employe of the inspection station.

tory powers to suspend certificates of appointment under section 4724. *See Robeson v. Philadelphia Tax Review Board,* 13 Pa. Commonwealth Ct. 513, 517, 319 A.2d 201, 203 (1974) ("We take it to be a fundamental proposition of law that a rule or regulation of an administrative agency may not be inconsistent with or contrary to, the provisions of a statute.")

Here, Kline conducted the inspection of his own vehicle while Stahl was away from the station, and in contravention of Stahl's company policy which prohibited employees from working on their cars during the operating hours of the service station. Therefore, Kline's inspection of his own vehicle was not within the scope of his employment, and, therefore, Stahl cannot be held responsible under section 4724 (a).

As to the alleged second violation, Stahl contends that the department is responsible for certifying inspection mechanics under 75 Pa. C. S. §4726, and, because the regulations contain no requirement that an inspection station owner inspect his certified mechanic's driver's license, Stahl properly could assume that the department had validly certified Kline as a mechanic, under 67 Pa. Code §175.28(d)(2), which provides:

A mechanic desiring to become certified:

. . . .

(2) Shall have a valid driver's license for each class of vehicle which the mechanic will inspect. . . .

However, 67 Pa. Code §175.29(6), as discussed above, places full responsibility on the owner of the inspection station, with or without actual knowledge, for every inspection conducted by an employee of the inspection station. Although we have construed this regulation to apply only where the employee is acting

within the scope of his employment, here Kline's actions clearly were within that scope because 67 Pa. Code §175.80(e) requires that a road test shall be performed on every inspection. Therefore, under the department's regulations, Stahl is responsible for his mechanic's failure to conduct road tests with a valid driver's license. In upholding the strict liability aspect of the regulations, we note that authorization to make official inspections of motor vehicles in Pennsylvania is a privilege and not a right. *See Commonwealth v. W. J. Harris and Son,* 403 Pa. 598, 170 A.2d 591 (1961).[6]

Accordingly, we affirm that portion of the court of common pleas' decision which held that Stahl was not responsible for Kline's inspection of his own vehicle,

---

[6] The department contends that Stahl is responsible for Kline's conduct under 75 Pa. C. S. §1574(a) and §1575(a), which provides:

> No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type of class or vehicle to be driven.

75 Pa. C. S. §1574(a).

> No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

75 Pa. C. S. §1575(a).

In *Commonwealth v. Jenks,* 6 Pa. Commonwealth Ct. 546, 550, 296 A.2d 526, 529 (1972), we said:

> It is not unreasonable, therefore, to require that a motor vehicle owner charged with a violation of [the predecessor to section 1574] bear the responsibility of showing that he had no knowledge, and no reason to know, that the operator of his vehicle lacked an operator's license, if that is his defense.

However, we need not determine whether Kline's valid certification from the state excused Stahl from knowing that Kline's license had expired, because we find that Stahl had strict liability for the actions of Kline under the regulations.

and reverse that portion which held that Stahl was not responsible for Kline's conduct in conducting road tests without a valid driver's license.

ORDER

Now, June 9, 1983, the order of the Court of Common Pleas, Civil Division of Dauphin County, at 3036 of 1979, dated October 25, 1979, is affirmed in part and reversed in part. Donald L. Stahl is not responsible for the faulty inspection conducted by his mechanic Kline on Kline's own vehicle; Stahl is responsible for Kline's conduct in conducting road tests without a valid driver's license. The department's one-year suspension for a second offense is reversed, and the department's three-month suspension for a first violation is reinstated with a credit to Stahl of two months and sixteen days for the period in which his inspection privileges already have been suspended.