# In Re: Appeal of McCafferty Ford Sales, Inc.

*Marie Inyang,* for the Commonwealth.
*John J. Gonzales,* for defendant.

RUFE, III, *J.,* November 26, 1985—On April 24, 1985, McCafferty Ford Sales, Inc., was notified by the Department of Transportation that its Certificate of Appointment as an official inspection station for motor vehicles in the Commonwealth of Pennsylvania (no. L-460) was suspended for three months for faulty inspection of a 1976 Ford Elite, serial number 6G21H186557, by its mechanic, George F. Miller. The motor vehicle in question was the mechanic's own vehicle and McCafferty received no fee for the inspection and only supplied the inspection sticker at its own cost. McCafferty appealed the order and a trial de novo was held on July 1, 1985.

Pursuant to 72 Pennsylvania Code §175.29(a)(6) and Commonwealth v. Stahl, 75 Pa. Commw. 18, 460 A.2d 1223 (1983), the owner of an inspection station is fully responsible for each inspection conducted by an employee within the scope of his employment, regardless of whether the employer-in-

spection station had knowledge of the employee's actions. The Commonwealth Court set forth a three-part test to determine whether the conduct of an employee is within the scope of his employment:

"(1) It must be of the kind the actor was employed to perform;

"(2) It must occur substantially within the authorized time and space limits; and

"(3) It must be actuated, at least in part, by a purpose to serve the master. Stahl." 260 A.2d at 1224 and 1225.

In the Stahl case the employer had a rule that employees were forbidden to work on their own vehicles during station hours. The employee put an inspection sticker on his own vehicle in contravention of the rule. Since the employee's conduct benefitted only himself, and not the employer, the court held that the employee was not acting within the scope of his employment. The employer was not responsible for the faulty inspection of the employee's vehicle. However, the employer was responsible for other faulty inspections by the employee who performed the required road tests with an expired driver's license, even though the employer had no notice of the expired license. Since performance of the inspection "served" or benefitted the master, the employee was acting within the scope of his employment.

In Commonwealth v. Stayton, 24 D. & C. 3d 224 (1981), affirmed by the Commonwealth Court on September 13, 1982 on the basis of that opinion, the employee failed to perform the required road test. The court held the employer responsible for the faulty inspection even though the employer claimed to have instructed his employees to comply with the Department of Transportation regulations. The employer had benefitted because the employee's time

was saved by not making the road test, so the employee was acting within the scope of his employment.

McCafferty's certificate of appointment was suspended because his employee, George Miller, performed a faulty inspection of his own vehicle. Miller was employed to perform inspections and he performed the inspection on his own vehicle at his employer's place of business and, at least partly, during business hours. Therefore, his conduct meets the requirements of parts one and two of the test. The question then becomes whether his conduct was "actuated, at least in part, by the purpose to serve the master."

McCafferty allowed employees to inspect their own vehicles, but their work had to be checked by a supervisor. The sticker for the inspected vehicle was sold to the employee at cost. McCafferty is not "served" monetarily by allowing their employees to inspect their own vehicles. Miller testified he had other vehicles he could drive to work. Accordingly, there was no benefit to McCafferty simply because the employee could use the vehicle in question for transportation to work. The sole benefit of Miller inspecting his own car was derived by Miller. Since there was no "purpose to serve the master," Miller was not acting within the scope of his employment. Therefore, McCafferty was not responsible for Miller's acts in inspecting the 1976 Ford Elite. The Department of Transportation's suspension of McCafferty's certificate of appointment was improper.

## ORDER

And now, this November 26, 1985, upon consideration of defendant's appeal from the order of the De-

partment of Transportation suspending McCafferty Ford Sales, Inc.'s certificate of appointment as an official inspection station, it is hereby ordered and decreed that the Department of Transportation order is dismissed.