567 A.2d 784

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellant,**

**v.**

**John M. GRUTZA, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 1989.

Decided Dec. 20, 1989.

John T. Clary, Jr., Asst. Counsel, John V. Rovinsky, Lawrence R. Wieder, John L. Heaton, Chief Counsel, Scranton, for appellant.

Frank R. Cori, Orwigsburg, for appellee.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from an order of the Court of Common Pleas of Schuylkill County which sustained an

appeal by John M. Grutza (Grutza) from a DOT order suspending his miscellaneous vehicle business registration plates [1] for a period of one month. The question presented here for review is whether the trial court erred in excusing Grutza for misusing or permitting the misuse of his business registration plate by an employee who was acting within the scope of his employment.

Grutza operates an Exxon station in Mahanoy City. Glenn Zehner has been employed by Grutza at the station for five or six years and does "a little bit of everything." [2] On November 7, 1986, Mr. Zehner was delivering fuel oil for Grutza when the truck in which he was driving lost its brakes and collided with two other vehicles. Officer Motto was called to the scene to investigate the accident. While investigating the traffic accident, Officer Motto found the license plate of the truck Zehner was operating on the ground at the rear of the overturned truck. The plate was attached to a T frame which matched the rest of the frame still attached to the overturned truck. Officer Motto picked up the license plate, recorded its numbers for his accident report,[3] and placed the plate in the cab of the truck. No registration card could be produced at the accident scene because the cab of Grutza's truck was covered with fuel oil. The following day, however, Mr. Zehner brought the registration card to the police station so that a copy of it could be made and put with the accident report. The plate number on the registration card read RS06193.

By Official Notice dated and mailed May 5, 1987, DOT notified Grutza that the use of his business registration

---

1. Section 1337(a) of the Vehicle Code, 75 Pa.C.S. § 1337(a), states that DOT shall issue special registration plates known as miscellaneous vehicle business registration plates to owners of miscellaneous motor vehicle businesses. Miscellaneous motor vehicle businesses include (1) repair, service and towing businesses (2) vehicle salvage dealers (3) transporters and (4) financiers or collector-repossessors. 75 Pa. C.S. § 1337(c). Miscellaneous vehicle business registration plates may be displayed on vehicles operated on highways in lieu of registering each vehicle individually.

2. N.T., p. 50a.

3. According to Officer Motto's accident report, the number on the license plate he picked up was RS06193.

plates were being suspended because he had violated Section 1374(a)(2) of the Vehicle Code, 75 Pa.C.S. § 1374(a)(2), which prohibits owners of miscellaneous motor vehicle business registration plates from making or permitting to be made any unlawful use of their registration plate. Grutza then filed a timely appeal and a hearing *de novo* was held in the Court of Common Pleas.

At the hearing *de novo*, Grutza testified that he thought the license plate on his fuel oil truck was still that of the previous owner because he had just purchased the truck five or six days prior to the accident and was using the previous owner's license plate until his title arrived. Grutza stated that it was not until after the accident that he learned the previous owner of the truck had asked for his license plate back and Mr. Zehner had mailed it to him the day before the accident. Grutza further testified that he had no knowledge that Mr. Zehner took a registration card to the police the day following the accident.[4]

Mr. Zehner also testified at the trial court hearing. According to Mr. Zehner, he did mail the previous owner's license plate to him the day before the accident. Mr. Zehner testified, however, that he did not attach any license plate to the back of the fuel oil truck and that as far as he knew, he drove the truck on November 7, 1986 without a license plate attached. Additionally, Mr. Zehner stated that the reason the plate number on the registration card reflected the number RS06193 was because he took the registration card and insurance information from the glove compartment of Grutza's tow truck which is the vehicle to which the license plate RS06193 is properly assigned.

Based on the above testimony, the trial court found that Grutza was not aware, did not authorize, and did not know of the unlawful use of the registration plate by his employee. Consequently, the trial court concluded that Grutza did

4. When questioned about Mr. Zehner's authority to perform these acts, Grutza responded, "[B]asically any of the guys who work [here] except the part-time guys have full authority to do anything." N.T., p. 49a.

not make or permit to be made any unlawful use of the registration plate as required by Section 1374(a)(2) of the Vehicle Code. To hold otherwise, the court noted, would impose absolute responsibility on Grutza which is contrary to the intent of the legislature.

■ This Court's review is limited to determining whether the findings below are supported by substantial evidence or an error of law has been committed. *Ridge AMC/Jeep/Renault, Inc. v. Commonwealth,* 103 Pa.Commonwealth Ct. 174, 520 A.2d 515, *petition for allowance of appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987). Because we hold that the trial court committed an error of law, we reverse.

■ In its opinion, the trial court implicitly found that Mr. Zehner had unlawfully attached the miscellaneous license plate RS06193 to Grutza's fuel oil delivery truck, but held nonetheless that Grutza could not be penalized because he did not know it had occurred. From a thorough review of the record, we conclude that there was substantial evidence for the trial court to find that miscellaneous license plate RS06193 was used unlawfully.

Section 1337(a) of the Vehicle Code, 75 Pa.C.S. § 1337(a), lists the allowed uses for miscellaneous motor vehicle business registration plates. This section provides:

(a) General rule.— ... Registration plates issued under this section may be used only when the vehicle is used for any of the following purposes:

(1) In the conduct of the miscellaneous motor vehicle business.

(2) For the personal pleasure or use of the owner of the miscellaneous motor vehicle business or members of their immediate family, or when the business is a corporation, for the pleasure or use of not more than three officers or members of their immediate families, or for the personal use of the regular employees of the business when operated by the employee.

Section 1337(c) further describes what constitutes a miscellaneous motor vehicle business. The letters "RS" on Grutza's license plate specify that the only miscellaneous motor vehicles to which this license plate can be attached are vehicles engaged in the repair, service, or towing of motor vehicles. Clearly, it was unlawful to attach the license plate RS06193 to Grutza's truck while it was in the process of making fuel oil deliveries.

Although it is conceded that it was Mr. Zehner and not Grutza who performed the unlawful act, under general agency principles, Grutza must assume responsibility, under the Code, for the acts of his employees and/or agents acting within the scope of their employment. *Department of Transportation v. Notary Shoppe*, 117 Pa.Commonwealth Ct. 615, 544 A.2d 98 (1988). In *Department of Transportation, Bureau of Traffic Safety v. Searer*, 50 Pa.Commonwealth Ct. 468, 413 A.2d 1157 (1980), this Court held that when a statute contains no limitation on an employer's liability, then the general law of agency applies and holds employers strictly responsible for the malfeasances of their employees who are acting within the scope of their employment even if the employer did not know of the misconduct. *See Aiello v. Ed Saxe Real Estate, Inc.*, 508 Pa. 553, 499 A.2d 282 (1985). To hold otherwise would allow employers to circumscribe their responsibility for the actions of their employees.

Because an error of law was committed in not holding Grutza liable for the unlawful act of his employee, the trial court's decision is reversed.

ORDER

AND NOW, this 20th day of December, 1989 the order of the Court of Common Pleas of Schuylkill County dated July 20, 1987 is reversed.