IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Stroudsburg Area School District      :
                                           :
                    v.                     :
                                           :
RMMI, Inc., Monroe County Board of         :
Assessment Revision, Monroe County         :
and Smithfield Township                    :
                                           :      No. 629 C.D. 2018
Appeal of: RMMI, Inc.                      :      Submitted: June 3, 2019


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: June 26, 2019

          RMMI, Inc. (RMMI) appeals from the March 20, 2018 order of the
Court of Common Pleas of Monroe County (trial court) denying RMMI's petition to
open the trial court's May 24, 2017 judgment. Upon review, we affirm.[1]

          RMMI is the owner of a parcel of property (the Property) located in
Smithfield Township, Pennsylvania, tax parcel # 16/8/2/21-7. East Stroudsburg
Area School District's (District) Trial Court Memorandum of Law at 1, Reproduced
Record (R.R.) at 56a. RMMI owns and operates a hotel on the Property. Petition to
Open Judgment at 2, R.R. at 70a. On or about July 29, 2015, the District filed with
the Monroe County Board of Assessment Revision (Board) a tax assessment appeal
against RMMI concerning the Property for the 2016 tax year pursuant to Section

---

[1] Neither the Monroe County Board of Assessment Revision nor Smithfield Township is
participating in this matter.

8855 of the Consolidated County Assessment Law (CCAL), 53 Pa.C.S. § 8855. District's Trial Court Memorandum of Law at 1, R.R. at 56a. After conducting a hearing, the Board denied the District's appeal by letter dated October 8, 2015. District's Trial Court Memorandum of Law at 1, R.R. at 56a; Board's Letter, R.R. at 13a. On November 4, 2015, the District appealed the Board's decision to the trial court. Trial Court Opinion at 2. The trial court subsequently held a pretrial conference for scheduling purposes. *Id.* The District attended the pretrial conference, but RMMI did not. *Id.* A scheduling order was entered for discovery and trial, to which RMMI failed to respond. *Id.* The trial was continued twice due to the delay in discovery. *Id.* On May 23, 2017, the trial court conducted a hearing, which only the District attended. *Id.* The District presented expert testimony. *Id.* The District's counsel stated that RMMI had partially complied with its discovery request. *Id.* By order dated the same day, the trial court granted the District's appeal and established the fair market value and common level ratio for the Property. Trial Court Order, R.R. at 66a-67a. This order was filed on May 24, 2017. Certified Trial Court Docket at 4, R.R. at 4a.

On February 8, 2018, RMMI filed a petition to open the trial court's judgment. Trial Court Opinion at 3. RMMI contended that a petition to open a judgment should be granted when the petitioner acts promptly, avers a meritorious defense and presents sufficient evidence of that defense to require submission of the issues to a jury. Petition to Open Judgment at 5, R.R. at 73a.[2] RMMI asserted that it satisfied all three of these elements. *Id.* RMMI further contended that the trial

---

[2] In support of its position, RMMI cited *Pittsburgh National Bank v. Larson*, 507 A.2d 867 (Pa. Super. 1986); *Germantown Savings Bank v. Talacki*, 657 A.2d 1285 (Pa. Super. 1995); and Pa.R.C.P. No. 2959(e). However, the authority cited by RMMI pertains to *confessed* judgments and is, therefore, irrelevant.

court should open its judgment, because Adam Hakky (Hakky), the general manager of the hotel located on the Property, placed his own interests ahead of those of RMMI and "essentially abandoned his duties and obligations to RMMI," such that the owners of RMMI had no knowledge of the suit or the trial court's May 24, 2017 order until receiving its real estate tax bill in December 2017. Petition to Open Judgment at 4-5-6, R.R. at 72a-74a. RMMI averred that Hakky handled all administrative and civil actions involving the hotel and that he accepted service of the complaint. Petition to Open Judgment at 2-3, R.R. at 70a-71a. RMMI noted that it "acted swiftly to secure representation" upon learning of the trial court's order. Petition to Open Judgment at 6, R.R. at 74a. RMMI asserted that it should be permitted to present evidence of its own assessment of the value of the Property. *Id.*

On March 20, 2018, a hearing was held on RMMI's petition to open the trial court's judgment, at which RMMI presented the testimony of Soham Patel, who had since replaced Hakky as general manager of the hotel. Trial Court Opinion at 3; Transcript of Testimony at 3-4. On the same day, the trial court denied RMMI's petition to open the trial court judgment. Trial Court Order, R.R. at 122a.

RMMI then appealed to this Court. Original Record (O.R.), Notice of Appeal. On May 10, 2018, RMMI filed with the trial court a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). O.R., Statement of Errors Complained of on Appeal at 1. RMMI raised for the first time the issue of whether the trial court should have considered *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017) in deciding its petition to open the trial court's judgment. O.R., Statement of Errors Complained of on Appeal at 1. On May 16, 2018, the trial court filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Trial Court Opinion at 1 & 7. The trial court noted that a petition to appeal a decision of the Board is a statutory action under the CCAL and that the CCAL does not provide for a petition to open a final judgment. *Id.* at 4. The trial court also noted that a default judgment will not be disturbed on appeal absent an error of law or a clear, manifest abuse of discretion. *Id.* at 4. However, the trial court found that its order did not constitute a default judgment. *Id.* at 5. The trial court reasoned that "[t]here was a trial held after RMMI received notice of the [District's] assessment appeal and the trial," but that "RMMI simply did not defend its interests." *Id.* The trial court found as follows:

> Here, duly authorized agents of RMMI were served with notice of the pending assessment appeal for sixteen months before the case came to hearing. Even if the first general manager was negligent in not informing the officers of RMMI of the pending assessment challenge the second general manager, who apparently was reporting to the officers, also became aware of the pending assessment hearing well before the time of the hearing. No action was taken to participate in the litigation in any way.

*Id.* The trial court reasoned that principals are generally responsible for the acts of agents committed within the scope of their authority. *Id.* at 5 (citing *Todd v. Skelly*, 120 A.2d 906, 909-10 (Pa. 1956); *Gordon v. Cont'l Cas. Co.*, 181 A. 574, 577-78 (Pa. 1935)). The trial court further noted that as "it is the principal who has selected and delegated responsibility to those agents," this "doctrine creates incentives for the principal to do so carefully and responsibly." *Id.* (quoting *Official Comm. of Unsecured Creditors of Allegheny Health Educ. & Research Found. v. PriceWaterhouseCoopers, LLP*, 989 A.2d 313, 333 (Pa. 2010)). The trial court also reasoned that "[i]mputation . . . serves to protect those who transact business with a corporation through its agents believing the agent's conduct is with[in] the authority

4

of his principal." *Id.* The trial court determined that "the record shows that RMMI was receiving proper notice of the appeal throughout the hearing process." *Id.* at 6.[3] The trial court further found that RMMI's contention that it should have considered *Valley Forge* lacked merit. *Id.* at 7.

On appeal,[4] RMMI requests that this Court reverse the March 20, 2018 order of the trial court[5] and remand the case to the trial court with instructions to allow the parties to fully brief the underlying substantive issues in advance of a hearing on the same. RMMI's Brief at 11. RMMI argues that the trial court order "should be overturned because the District violated the Uniformity Clause," as set forth in Article VIII, Section 1 of the Pennsylvania Constitution, by "singl[ing] out and selectively appeal[ing] the assessments of commercial properties, such as the Property[.]" *Id.* at 8. RMMI notes that in *Valley Forge*, the Supreme Court of Pennsylvania held that systematically subjecting a sub-classification of property, such as commercial property, to tax assessment appeals could constitute a violation

---

[3] We follow the trial court's line of reasoning to further note that "[i]n accordance with a well-established rule of the law of agency, a corporation is bound by the knowledge acquired by, or notice given to, its officers or agents which is within the actual or apparent scope of their authority or employment and which is in reference to a matter to which their authority or employment extends." *Dep't of Transp., Bureau of Traffic Safety v. Michael Moraiti, Upper Darby Auto Ctr., Inc.*, 382 A.2d 997, 998 n.2 (Pa. Cmwlth. 1978); *see also Fidelity Bank v. Pierson*, 264 A.2d 682, 684 (Pa. 1970) (stating that "it is well-settled law that knowledge of the agent is knowledge of the principal").

[4] "A lower court's ruling opening or refusing to open [a judgment] will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." *Balk v. Ford Motor Co.*, 285 A.2d 128, 131 (Pa. 1971).

[5] In its appellate brief, RMMI identifies the March 20, 2018 trial court order denying its petition to open judgment as the determination in question. RMMI's Brief at 2. However, RMMI concludes its argument by requesting that this Court reverse the May 24, 2017 trial court order establishing the fair market value and common level ratio for the property. *Id.* at 11. We presume RMMI intended to request that we reverse the March 20, 2018 trial court order denying its petition to open the May 24, 2017 trial court judgment.

5

of the Uniformity Clause of the Pennsylvania Constitution. *Id.* at 10 (citing *Valley Forge*, 163 A.3d at 978). RMMI therefore contends that the trial court erred in failing to *sua sponte* apply *Valley Forge* to the instant matter. *Id.* at 10-11. RMMI contends that, as a result, it "has been injured in that it was not afforded a second opportunity to challenge the District's unconstitutional spot assessment of the Property." *Id.* at 11.

"It is well settled that an appellate court will not consider on appeal issues not raised in the trial court." *Poesnecker v. Ricchio*, 631 A.2d 1097, 1102 (Pa. Cmwlth. 1993) (citing *Dilliplaine v. Lehigh Valley Tr. Co.*, 322 A.2d 114 (Pa. 1974)); *see also* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Here, RMMI first asserted that *Valley Forge* supported its petition to open the trial court judgment in its statement of errors complained of on appeal, even though *Valley Forge* was decided roughly seven months before RMMI filed its petition to open the trial court judgment. More importantly, RMMI raised the issue of a uniformity challenge, for which it cites *Valley Forge* as support, for the first time in its brief filed with this Court. Because RMMI did not raise the issue of a uniformity challenge before the trial court, it waived any argument it could have made in this regard. *See* Pa.R.A.P. 302; *Poesnecker*.

Further, RMMI fails to identify a legal basis that would permit the trial court to open its final judgment. A petition to open a judgment is an appeal to the equitable powers of the court. *Girard Tr. Corn Exch. Bank v. Sweeney*, 196 A.2d 310, 312 (Pa. 1964). This Court has held as follows:

> The law applicable to opening judgments not entered by confession or default is clear; judgments regularly entered in an adverse proceeding cannot be opened or vacated after

6

they have become final unless there has been fraud or some other circumstance so grave or compelling as to constitute "extraordinary cause" which justifies court intervention.

*Lowery v. E. Pikeland Twp.*, 599 A.2d 271, 274 (Pa. Cmwlth. 1991) (citing *Ins. Co. of N. Am. v. Bishop*, 529 A.2d 33 (Pa. Super. 1987)). After failing to defend its interests before the trial court in the assessment appeal, RMMI is essentially asking the trial court to open its judgment to provide RMMI the opportunity to argue that the District violated the Uniformity Clause (under precedent established in *Valley Forge*, a case decided after the trial court issued its May 24, 2017 order). However, RMMI's wish to argue a constitutional issue not raised at trial, on subsequently decided precedent, does not rise to the level of "extraordinary cause" required to justify opening a final judgment. *See DeMarco v. Borough of E. McKeesport*, 556 A.2d 977, 979 n.4 (Pa. Cmwlth. 1989) (defining "extraordinary cause" as "an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period") (citing *Luckenbaugh v. Shearer*, 523 A.2d 399 (Pa. Super. 1987); *Simpson v. Allstate Ins. Co.*, 504 A.2d 335 (Pa. Super. 1986)).

Accordingly, we affirm the March 20, 2018 trial court order denying RMMI's petition to open its May 24, 2017 judgment, albeit on different grounds.[6]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] "We may affirm on different grounds where grounds for an affirmance exist." *City of Pittsburgh v. Logan*, 780 A.2d 870, 878 n.10 (Pa. Cmwlth. 2001), *aff'd*, 810 A.2d 1185 (Pa. 2002).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

East Stroudsburg Area School District   :
  :
v.   :
  :
RMMI, Inc., Monroe County Board of   :
Assessment Revision, Monroe County   :
and Smithfield Township   :
  :    No. 629 C.D. 2018
Appeal of: RMMI, Inc.   :

O R D E R

AND NOW, this 26th day of June, 2019, the March 20, 2018 order of the Court of Common Pleas of Monroe County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge