599 A.2d 271

**Olan B. LOWREY, Appellant,**

v.

**EAST PIKELAND TOWNSHIP and Valley
Forge Sewer Authority, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1991.

Decided Nov. 14, 1991.

Olan B. Lowrey, pro se.

James C. Sargent, Jr., for appellees.

Before PALLADINO and McGINLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Presently before this Court is an appeal by Appellant, Olan B. Lowrey (Lowrey) from an order of the Court of Common Pleas of Chester County (trial court) granting the

Motion to Strike of East Pikeland Township and Valley Forge Sewer Authority (collectively, Authority) as to Lowrey's Petition to Open Summary Judgment. Also before us for disposition are Lowrey's Motion to Dismiss [1] his appeal and the Authority's Motion for Attorneys' Fees and Costs.

This action was originally commenced by the Authority by a complaint in equity in two counts dated June 28, 1983. Count I sought to compel Lowrey to connect to the Valley Forge sewer system. Count II sought to collect for tapping fees, connection fees, front footage assessments and sewer rental fees. At an unknown date after the filing of the complaint by the Authority, Lowrey connected to the sewer system. Hence, Count I was rendered moot. After discovery was completed, the Authority, on March 7, 1986, filed a Motion for Summary Judgment for the claim asserted under Count II. The trial court issued an opinion and order on November 25, 1986 granting the Authority summary judgment in the amount of $14,647.16.

Lowrey appealed the decision of the trial court granting summary judgment to this Court. We affirmed by order dated August 15, 1989 at No. 1778 C.D.1987.[2] 128 Pa. Cmwlth. 120, 562 A.2d 1010 Thereafter, Lowrey filed a Petition for Allowance of Appeal with the Supreme Court. The petition was denied on May 29, 1990.

The foregoing events are prologue to the matters now before us. After final judgment was entered against him on September 27, 1990, Lowrey filed a Petition to Open Summary Judgment with the trial court, dated November 14, 1990, on the basis that the action had been in law as well as equity; thus the judgment should be opened to permit a defense. The Authority responded with a Motion to Strike Lowrey's petition. On January 4, 1991, the trial court

1. Though entitled a "Motion to Dismiss" pursuant to Pa.R.A.P.1973, Lowrey's request is actually a motion for discontinuance and will be referred to as such henceforth in this opinion.

2. An application for reargument filed by Lowrey was subsequently denied on October 25, 1989.

granted the Authority's Motion to Strike.[3]

## I. *Lowrey's Motion for Discontinuance*

The within action specifically addressing the trial court's granting of the Authority's Motion to Strike was argued before this Court on September 10, 1991. Thereafter, Lowrey filed a Motion to Discontinue, dated September 16, 1991, requesting permission to discontinue his appeal pursuant to Pa.R.A.P.1973.

■ Rule 1973 allows an appellant to discontinue an appeal after argument by leave of court upon application. Lowrey's application to this Court entitled "Motion to Dismiss" requested "permission to discontinue the captioned appeal." His brief in support of the motion to discontinue simply cited pertinent sections of Rule 1973. Examination of Lowrey's motion and brief reveals a failure "to state with particularity the grounds on which it is based" and a failure to state in the application a ground(s) for "relief demanded" as required in Pa.R.A.P. 123(a).[4] Because Lowrey's application to this Court does not comport with the requirements enunciated for relief in Rule 123(a), the motion for discontinuance is denied.

3. By order dated May 28, 1991, the trial court granted Lowrey a supersedeas as to the judgment entered on November 25, 1986 upon filing security in the amount of $22,322.27.

4. Rule 123(a) states:
   (a) *Contents of Applications for Relief.* Unless another form is elsewhere prescribed by these rules, an application for an order or other relief shall be made by filing a written application for such order or relief with proof of service on all other parties. The application shall contain or be accompanied by any matter required by a specific provision of these rules governing such an application, *shall state with particularity the grounds on which it is based,* and shall set forth the order or relief sought. If an application is supported by briefs, verified statements or other papers, they shall be served and filed with the application. An application may be made in the alternative and pray for such alternative relief or action by the court as may be appropriate. *All grounds for relief demanded shall be stated in the application* and failure to state a ground shall constitute a waiver thereof. Except as otherwise prescribed by these rules, a request for more than one type of relief may be combined in the same application. (Emphasis added.)

## II. *Lowrey's Appeal of Trial Court Grant of Motion to Strike*

Lowrey asserts trial court error of law in granting the Authority's Motion to Strike based upon its determination that the summary judgment issue was fully litigated and its inability to change the outcome because the law of the case has been firmly established. Lowrey contends that the issue of whether the case was filed solely in equity, rather than in both equity and law, has not been fully litigated;[5] thus the final judgment against him should be "opened." In essence, Lowrey requests this Court to determine that a valid final judgment reached after relevant issues have been addressed and decided, can be avoided by a defect in the caption of the original complaint. This we refuse to do.

Within our appellate scope of review it is well settled that a petition to open a judgment is an appeal to the equitable powers of the court and will not be disturbed absent an error of law or a clear, manifest abuse of discretion. *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472 (1984).

In *Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985), the Supreme Court concluded that "[f]inality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined." The judgment initially entered by the trial court in the matter before us is conclusive as to all rights, questions or facts put in issue or which could have been raised in that action and is conclusive as to this or any subsequent action between Lowrey and the Authority whether on the same or a different claim. *Bearoff v. Bearoff Bros., Inc.,* 458 Pa. 494, 327 A.2d 72 (1974); *General Accident Fire & Life Assurance Corp. v. Flamini,* 299 Pa.Superior Ct. 312, 445 A.2d 770 (1982); 20A P.L.E. *Judgment* § 271 (1990). *See also Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980).

5. At oral argument before this Court, Lowrey admitted that he did not raise this issue in his appeal to this court or in his petition for allowance of appeal to the Supreme Court.

We affirm the trial court's order granting the Authority's motion to strike. However, because neither the order nor the record before us reflects the final amount due the Authority,[6] we remand for such a determination by the trial court.

### III. *Authority's Request for Counsel Fees*

■ Finally, we will consider the Motion for Attorneys' Fees and Costs presented by the Authority. The Authority asserts Lowrey's attempt to collaterally attack the trial court's granting of summary judgment in their favor on November 25, 1986 by filing a Petition to Open Summary Judgment dated November 14, 1990 is without basis in law or fact and under Pa.R.A.P. 2744 is frivolous, dilatory and vexatious.

Pa.R.A.P. 2744 provides in pertinent part:

An appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Our review of the lengthy and tortured procedural history of this dispute yields a determination that Lowrey's filing of a motion entitled Petition to Open Summary Judgment was indeed without basis in law or fact.

■ As we emphasized in section II, the doctrine respecting judgments entered in adverse proceedings has a very definite function, namely, to establish a point at which litigants, counsel and courts may regard contested lawsuits

---

**6.** The Record indicates some of the fees for which judgment was entered under Count II have been partially paid by Lowrey. See November 25, 1986 Adjudication Sur Motion for Summary Judgment of trial court.

at an end. The law applicable to opening judgments not entered by confession or default is clear; judgments regularly entered in an adverse proceeding cannot be opened or vacated after they have become final unless there has been fraud or some other circumstance so grave or compelling as to constitute "extraordinary cause" which justifies court intervention. *Insurance Company of North America v. Bishop*, 365 Pa.Superior Ct. 183, 529 A.2d 33 (1987); *Simpson v. Allstate Insurance Co.*, 350 Pa.Superior Ct. 239, 504 A.2d 335 (1986). Lowrey, in his petition to open the summary judgment as to Count II of the Authority's complaint which had become final on September 27, 1990, did not allege any fraud or circumstances "so grave or compelling as to constitute extraordinary cause" thereby justifying court intervention. In view of the status of the law as to the invulnerability of judgments entered following an adverse proceeding, the appeal of Lowrey is not only frivolous but dilatory and vexatious.

Accordingly, we grant the Authority's motion and remand to the trial court for a determination of attorneys' fees to be awarded from the date of the Petition to Open Summary Judgment on November 14, 1990.

### ORDER

AND NOW, this 14th day of November, 1991, it is ORDERED as follows:

1. The Motion to Discontinue appeal of Appellant, Olan B. Lowrey, is denied;

2. The order of the Court of Common Pleas of Chester County granting Appellees', East Pikeland Township and Valley Forge Sewer Authority, Motion to Strike is affirmed and the case is remanded for a final calculation of a figure for the underlying judgment; and

3. Consistent with the foregoing opinion, the case is remanded to the trial court for a determination of counsel

fees and costs from the November 14, 1990 date of Appellant's Petition to Open Summary Judgment.

Jurisdiction relinquished.