# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Alexander,                          :
                 Appellant        :
                               :
            v.                        :    No. 2428 C.D. 2014
                               :    Submitted: July 10, 2015
City of Philadelphia et, al.              :


**BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge**
**HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge**


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  September 3, 2015**


Keith Alexander (Appellant), *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's emergency petition to open a civil matter.  We now affirm.

Appellant, represented by counsel, filed a civil suit on April 29, 1992. (Certified Record (C.R.), Docket Sheet.)  Appellant named the City of Philadelphia (City), Youth Study Center (YSC), Philadelphia Prisons System, and two employees of YSC as defendants.  (C.R., Compl.)  In his complaint, Appellant alleged that in 1984 the YSC employees had assaulted him while he was detained at YSC, which resulted in both physical and emotional injuries.  (*Id.*)  The City denied the material allegations of Appellant's complaint and filed a motion for summary judgment, arguing that Appellant's claims were barred by the applicable statute of limitations.  (C.R., Mot. for Summ. J.)  Appellant's counsel opposed the motion.  (C.R., Answer to Mot. for Summ. J.)  The trial court granted the City's

motion for summary judgment on May 17, 1994. (C.R., Trial Ct. Order, dated May 17, 1994.) Appellant did not appeal the trial court's order.

In 1994, when the trial court granted the City's motion for summary judgment, Appellant was incarcerated. In 1995, Appellant pled guilty to two counts of Robbery, 18 Pa. C.S. § 3701, and was sentenced to 2.5-to-10 years in prison. (C.R., Trial Ct. Op., App. B at 1.) Appellant was paroled on October 1, 2001, but was arrested again on March 19, 2002. (*Id.* at 1, 3.) Appellant was found guilty of, *inter alia*, Attempted Murder, 18 Pa. C.S. § 2502; Aggravated Assault, 18 Pa. C.S. § 2702; and Carrying a Firearm Without a License, 18 Pa. C.S. § 6106. (*Id.* at 3.) Appellant was sentenced to 26.5-to-56 years in prison. (*Id.*) Appellant remains incarcerated.

On August 18, 2014, Appellant filed with the trial court an emergency petition to open the trial court's judgment. The trial court denied Appellant's motion on August 27, 2014. In so doing, the trial court explained that it had denied Appellant's motion due to his failure to file a timely appeal of the trial court's final order in 1994. (Trial Ct. Op. at 3-4.) Further, Appellant failed to provide any reason for the twenty-one-year delay in pursuing his civil suit. (*Id.*) Appellant now appeals to this Court.

On appeal,[1] Appellant contends that the trial court erred in denying his petition to open. Specifically, Appellant argues that he was deprived of due process in 1994, because he was unable to attend court proceedings due to his

---

[1] "Within our appellate scope of review it is well settled that a petition to open a judgment is an appeal to the equitable powers of the court and will not be disturbed absent an error of law or a clear, manifest abuse of discretion." *Lowery v. E. Pikeland Twp.*, 599 A.2d 271, 273 (Pa. Cmwlth. 1991), *appeal denied*, 606 A.2d 904 (Pa. 1992).

incarceration. Appellant asserts that the trial court erroneously granted the City's summary judgment motion solely on the basis that Appellant failed to appear, and, therefore, due process requires that he be given the opportunity to personally participate in the proceedings.[2]

Generally speaking, "[o]nly grave and compelling circumstances provide 'extraordinary cause' to justify court intervention after expiration of the appeal period."[3] *DeMarco v. Borough of E. McKeesport*, 556 A.2d 977, 979 n.4 (Pa. Cmwlth. 1989), *appeal denied*, 577 A.2d 545 (Pa. 1990). Some such circumstances include "a showing of extrinsic fraud, lack of subject matter jurisdiction, a fatal defect on the face of the record or some other evidence of 'extraordinary cause justifying intervention by the court.'" *Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008) (emphasis omitted) (citing *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997)).

Moreover, it is apparent from our review of case law that our courts have not had much occasion to consider petitions to open summary judgments entered in civil actions. Our Supreme Court, in *Lened Homes, Inc. v. Department of Licenses and Inspections of City of Philadelphia*, 123 A.2d 406 (Pa. 1956), a case involving a petition to open a summary judgment entered in a mandamus actioned, analogized the proceeding to a proceeding to open a judgment by default and applied the same principles. In the context of a default judgment, "[a] petition to open a default judgment should not be granted unless (1) the petition has been

---

[2] By order dated June 26, 2015, the Court precluded appellees from filing a brief.

[3] The Pennsylvania Rules of Appellate Procedure provide that a party may file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa. R.A.P. 903(a).

promptly filed, (2) the default can be reasonably excused, and (3) a meritorious defense can be shown." *Ruczynski v. Jesray Const. Corp.*, 326 A.2d 326, 328 (Pa. 1974). While there does not appear to be "a bright line test for determining whether a petition to open judgment has been promptly filed" following the entry of a default judgment, two factors may be considered: "(1) the length of the delay between discovery of the entry of a default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Quatrochi v. Gaiters*, 380 A.2d 404, 407 (Pa. Super. 1977).

Here, applying the above analyses to the circumstances now before the Court, we must conclude that trial court did not err in denying Appellant's petition. Appellant has failed to establish the grave and compelling circumstances necessary to justify court intervention in this long-concluded matter. In fact, Appellant has failed to provide any reason for waiting over twenty years to pursue the instant matter.[4] Moreover, despite Appellant's contentions that the trial court granted the City's motion for summary judgment solely due to Appellant's failure to participate in the proceedings,[5] summary judgment was appropriate because Appellant's action was time-barred by the applicable statute of limitations. Appellant has failed to offer an argument that would establish that the trial court wrongly determined that his action was time-barred. Thus, Appellant also has not

---

[4] For the first time on appeal, Appellant asserts that he did not receive notice of the trial court's order granting summary judgment. The docket sheet, however, provides that notice was given pursuant to Pa. R.C.P. No. 236, which provides that the prothonotary must give written notice of judgment entered by the trial court to the parties' attorneys.

[5] Based on the docket sheet, there does not appear to have been any proceedings that Appellant could have attended. It is unclear to which "proceedings" Appellant is referring.

4

shown that he can establish a meritorious defense. We, therefore, reject Appellant's argument that the trial court erred in denying his petition, as Appellant has not established any of the elements necessary for a judgment to be opened.

Accordingly, we affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Alexander, : 
           Appellant : 
            : 
      v. :   No. 2428 C.D. 2014
            : 
City of Philadelphia et, al. : 

# **O R D E R**


AND NOW, this 3rd day of September, 2015, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


---

P. KEVIN BROBSON, Judge