Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Harry Robert Weaver, Jr., Appellee.

Argued February 7, 1980, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*William A. Degillio,* for appellee.

Opinion by Judge Blatt, April 28, 1980:

The Department of Transportation, Bureau of Traffic Safety (Bureau), appeals here from an order of the Court of Common Pleas of Luzerne County which overturned the Bureau's suspension of the operator's license of Harry Robert Weaver. We need not recount the factual background of this matter, for we believe that the failure of the operator to file a timely appeal from the suspension notice is dispositive.

Under Section 1377 of the Vehicle Code, 75 Pa. C.S. §1377, an operator must file an appeal from a suspension notice within 30 days of the date it is mailed. A court to which an untimely appeal is taken lacks jurisdiction and is incompetent to act thereon. *Department of Transportation, Bureau of Traffic Safety v. Ehret,* Pa. Commonwealth Ct. , 405 A.2d 1355 (1979). It is indisputable here that notice of the suspension was mailed by the Bureau on August 21, 1978 and that the operator filed his appeal in the court of common pleas on September 26, 1978, which was five days late. Moreover, although the issue of timeliness was not raised below, lack of subject-matter

jurisdiction may be raised at any stage of a proceeding *Ehret, supra.* We have no choice, therefore, but to reverse the court of common pleas.

### ORDER

AND Now, this 28th day of April, 1980, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby set aside and the order of the Department of Transportation, Bureau of Traffic Safety, revoking the operating privileges of Harry Robert Weaver, Jr., is hereby reinstated.

President Judge BOWMAN did not participate in the decision in this case.