Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Felix Padilla, Appellee.

Submitted on briefs June 18, 1985, to Judges Mac-
Phail, Doyle and Barry, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him,
*Spencer A. Manthorpe,* Chief Counsel, and *Jay C.
Waldman,* General Counsel, for appellant.

No appearance for appellee.

Opinion by Judge Doyle, November 8, 1985:

The Department of Transportation (Department)
appeals from the order of the Court of Common Pleas
of Philadelphia which dismissed a six-month suspen-
sion of the operating privileges of Felix Padilla (Ap-
pellee).

On March 20, 1981 Appellee was convicted under
Section 1543(a) of the Vehicle Code (Code)[1] for driv-

---

[1] 75 Pa. C. S. §1543(a).

ing with a suspended license. Pursuant to that Section, Appellee received a six-month suspension on September 29, 1981. On March 29, 1982, Appellee was notified that an additional fifteen days would be added to his suspension under Section 1544(a) of the Code[2] because of the accumulation of three points on his record during his suspension. On April 8, 1982, Appellee was again notified that, because of the accumulation of an additional three points, another fifteen-day period would be added to his suspension under Section 1544(a). It was from this final fifteen-day suspension that Appellee took his appeal to the court of common pleas. Appellee, however, incorrectly stated on his Petition for Appeal to the Trial Court that the suspension was the result of "the accumulation of 11 points on his driving record."[3]

Before a hearing was held on this appeal, the court of common pleas, criminal section, considered Appellee's separate nunc pro tunc appeal from his March 20, 1981 conviction in Traffic Court of driving with a suspended license, and found Appellee not guilty on September 16, 1982.

On September 21, 1982, a hearing on the appeal from the fifteen-day suspension was held, at which time Appellee submitted into evidence a copy of his nunc pro tunc acquittal on his Section 1543(a) charges. Instead of addressing the validity of the

---

[2] 75 Pa. C. S. §1544(a). Section 1544(a) provides:

*Additional point accumulation.*—When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

[3] Although the Department's notice of suspension did state that Appellee had accumulated eleven points, it made it clear that the present fifteen-day suspension was based upon the accumulation of three points while under suspension, pursuant to Section 1544.

fifteen-day suspension, however, the evidence at the hearing was limited solely to whether Appellee had sufficient points assigned against his record to warrant a suspension under Section 1539 of the Vehicle Code.[4] Section 1539 provides for a suspension upon the accumulation of eleven points or more, with five days assigned to each point for the first suspension. This was done with the apparent agreement of all parties, even though Appellee had never been charged under Section 1539. The only issue of law argued before the trial court was whether Appellee was properly notified of his point accumulation according to the ruling in *Faulstick v. Commonwealth*, 66 Pa. Commonwealth Ct. 529, 445 A.2d 554 (1982). The trial judge concluded that the Appellee had not been properly notified, and for this reason entered an order dismissing the six-month suspension of September 29, 1981.

On Appeal to this Court, the Department argues that the trial court exceeded its authority in dismissing the six-month suspension, since the only order before it on appeal was the fifteen-day suspension of April 8, 1981. The Department also argues that, even assuming the court could consider the six-month suspension, the court erred in basing its determination on the number of points properly assigned against Appellee, since the suspension was not based on point accumulation under Section 1539, but instead was based on a Section 1543 conviction for driving with a suspended license.

Initially we note that at no time during the hearing did the Department's attorney make any objection to the trial court's treatment of the appeal. On the contrary, he *agreed* with Appellee's attorney that the issue on appeal was whether there were eleven points

---

[4] 75 Pa. C. S. §1539.

assigned against Appellee's record such as to warrant a Section 1539 suspension, and at one point during the hearing stated:

I think the only real additional line [Appellee's attorney] needs to take care of is the five points on the restoration of 5/6/81. Then he's gotten himself under 11, and I guess he wins.

The Department never informed the court that the order before the court for review involved only a fifteen-day suspension under Section 1544(a). The Department, therefore, has waived any argument it might have made as to the proper issues which should have been considered by the trial court.

Despite this waiver by the Department, the issue still remains as to whether the trial court had subject matter jurisdiction to dismiss the six-month suspension of September 29, 1981. Lack of subject matter jurisdiction cannot be waived, and may be raised at any stage of a proceeding. *Department of Transportation, Bureau of Traffic Safety v. Weaver*, 51 Pa. Commonwealth Ct. 70, 414 A.2d 144 (1980). Certainly the Department cannot by its own inadvertence confer upon the court jurisdiction which it otherwise does not have. The suspension of September 29, 1981 was not appealed and was not properly before the court. Even if we were to consider the present appeal to include an appeal from this suspension, the order of September 29, 1981 was still not properly before the court, because the order was not appealed within thirty days of the suspension as required under Section 1377 of the Vehicle Code.[5]

In addition, we note that the nunc pro tunc acquittal of the Appellee on the charges which resulted in the suspension did not vest the court with jurisdiction to consider the validity of the suspension itself.

---

[5] 75 Pa. C. S. §1377.

It is well settled that a license suspension appeal is limited to a review of the order of suspension and does not extend to a review of the criminal conviction which prompted the suspension. *Department of Transportation, Bureau of Traffic Safety v. Kintigh,* 52 Pa. Commonwealth Ct. 12, 415 A.2d 436 (1980). In this case, evidence that the underlying criminal conviction was later dismissed was in no way relevant to the question of whether the Department properly issued the suspension on September 29, 1981.

Since the trial court was without jurisdiction to dismiss the six-month suspension of September 29, 1981, we are constrained to vacate its order.[6] In addition, however, as it appears from the record that the court never ruled upon the validity of the fifteen-day suspension properly before it for review,[7] we must remand the case, and direct that such a ruling be made.

### Order

Now, November 8, 1985, the order of the Court of Common Pleas of Philadelphia County, Docket No. 1146 May Term, 1982, dated September 22, 1982, is hereby vacated. The matter is remanded to the said court for a ruling upon the validity of the Department's suspension of April 8, 1982.

Jurisdiction is relinquished.

---

[6] This result does not necessarily leave Appellee without a remedy in this situation, since an action in mandamus is still available to compel the Department to remove the suspension.

[7] We note that a document is included with the trial court record certified to this court which on its face appears to be a signed court order rescinding the fifteen-day suspension on July 8, 1982. This document, however, is marked "hold over," is not date stamped by the prothonotary, and is not included among the official docket entries. We must conclude, therefore, that the order was never entered by the court, and that the issue remains unresolved.