544 A.2d 98

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Notary Shoppe, Appellee.

Submitted on briefs February 4, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Melissa K. Dively,* Assistant Counsel, with her, *Lawrence R. Wieder,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Alida J. Kornreich,* with her, *Edward P. Weiss, Weiss, Michalek and Rankin,* for appellee.

OPINION BY JUDGE SMITH, July 14, 1988:

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from an order of the Court of Common Pleas of Allegheny County which sustained an appeal by Notary Shoppe (Notary) from a DOT order suspending its dealer registration privileges. Questions presented for review are whether the trial court erred in sustaining a civil appeal from a dealer registration suspension based upon information appearing in a criminal citation, and whether DOT presented sufficient evidence to support the suspension of Notary's dealer registration privilege. The trial court's decision is reversed.

Notary, a business authorized to issue temporary plates and registration cards, sold a vehicle to Charles Damien on June 7, 1984. At the time of sale, Notary issued a temporary registration to Mr. Damien and advised him that he would receive a permanent certificate of title from DOT. On December 26, 1984, Mr. Damien filed a complaint with the state police alleging that he had not received his permanent certificate of title. During a state police investigation of the com-

plaint, a state trooper was informed by the owner of Notary that Mr. Damien's paperwork had been inadvertently commingled by one of Notary's employees with that of another party and Notary was in the process of resubmitting Mr. Damien's paperwork. The owner of Notary, Ms. McCafferty, was later criminally cited with failing to timely submit requisite paperwork for transfer of title.[1]

Notary's privilege to issue temporary plates and registration cards was suspended for thirty days after hearing by DOT on February 26, 1985 as necessary paperwork was not submitted within the required period.[2] Notary filed a civil appeal on March 14, 1985 and after de novo hearing, the trial court sustained Notary's appeal on the ground that Notary was not criminally cited with a violation. DOT challenges as erroneous the trial court's conclusion that DOT could not proceed administratively against Notary since a criminal citation was filed solely against the individual owner of Notary. We agree.

This Court's review is limited to determining whether the findings below are supported by substantial evidence or an error of law has been committed. *Ridge*

---

[1] *See* Section 1103(d) of the Pennsylvania Vehicle Code, 75 Pa. C. S. §1103(d).

[2] *Sanctions for violations by issuing agents. See* 67 Pa. Code §43.11(a)(4) which provides as follows:

(a) *Schedule.* After providing an opportunity for a hearing, the Department may impose suspensions or sanctions on an issuing agent according to the following schedule of violations by the agent, when the Department finds upon sufficient evidence that:

(4) The agent has issued temporary plates but has not delivered proper documents or fees and taxes to the Department within the prescribed period of time. *Duration of Suspension—1st Offense:* Until the documents, fees or taxes are delivered, plus 1 month.

*AMC/Jeep/Renault, Inc. v. Commonwealth of Pennsylvania,* 103 Pa. Commonwealth Ct. 174, 520 A.2d 515, *petition for allowance of appeal denied,* 515 Pa. 602, 528 A.2d 958 (1987). Our review is also limited to a review of the order of suspension and does not extend to a review of the criminal conviction which prompted the suspension. *Department of Transportation, Bureau of Traffic Safety v. Padilla,* 92 Pa. Commonwealth Ct. 610, 500 A.2d 503 (1985). Even evidence that an underlying criminal conviction was dismissed is irrelevant to the question of whether DOT properly issued its suspension. *Id.* Although *Padilla* was a motor vehicle license suspension case involving both criminal and civil citations, we believe its rationale is equally applicable to a dealer registration suspension case. Moreover, the only action before the trial court was Notary's civil appeal of the DOT suspension and not the collateral criminal action.

DOT must prove that the dealer's licensing privilege should be suspended for violation of the law. *Department of Transportation v. Ede Motor Co.,* 107 Pa. Commonwealth Ct. 107, 527 A.2d 632 (1987). DOT presented the testimony of the investigating state trooper who sufficiently established that Notary failed to timely file mandatory documents[3] in violation of 67 Pa. Code 43.5(f)(1) which provides as follows:

(f) *Copies of temporary registration card.* Copies of the temporary registration card shall be handled as follows:

(1) The original copy of the temporary registration card, the regular registration card and documents and fees necessary to the transaction shall be forwarded by the issuing agent to the Bureau

---

[3] N.T., pp. 4-7.

within 10 days of issuance of the temporary registration card.

It is clear that DOT met its burden of proof through the uncontroverted testimony of the state trooper. Notary does not dispute that requisite documents for certificate of title were not timely filed. Moreover, under general agency principles, Notary must assume responsibility, under the Code, for the acts of its employees and/or agents relative to the issuance of temporary plates and registration cards. *Department of Transportation, Bureau of Traffic Safety v. Searer,* 50 Pa. Commonwealth Ct. 468, 413 A.2d 1157 (1980).

In reviewing a DOT license suspension, the trial court is limited to a de novo determination as to whether or not the person charged has committed the violation for which the sanction was imposed. *Ede Motor Co.* The trial court here found that while a valid criminal citation was issued against the owner, no criminal citation issued directly against or included Notary. We find that the trial court erred in sustaining Notary's civil appeal on this basis. Inasmuch as DOT sufficiently met its burden of proof, the trial court's decision is hereby reversed and the suspension of Notary's dealer registration privileges reinstated.

## ORDER

AND NOW, this 14th day of July, 1988, the decision of the Court of Common Pleas of Allegheny County dated March 26, 1987 is reversed and the suspension of Notary Shoppe's dealer registration privileges reinstated.