606 A.2d 1239

**Mary Ann CRABTREE, Petitioner,**

v.

**CALIFORNIA UNIVERSITY OF PENNSYLVANIA,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Aug. 21, 1990.

Publication Ordered April 27, 1992.

1

2

Frank A. Conte, for petitioner.
Jack E. Solomon, for respondent.

Before PALLADINO and McGINLEY (P.), JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

Mary Ann Crabtree (Petitioner) has filed exceptions[1] to the adjudication and decree nisi of Senior Judge William W. Lipsitt, sitting as Chancellor, dismissing her petition for review. We deny the motion for post-trial relief and enter judgment in favor of California University of Pennsylvania (University).

In 1986, Petitioner enrolled in the University's school psychology program. Upon receiving her master's degree in May of 1988, Petitioner entered a certification program which requires the completion of courses, a comprehensive examination and an internship. By a letter dated August 14, 1989, the University officially notified Petitioner that she would have to complete 1,000 hours of internship prior to certification as a school psychologist.

Petitioner then filed a petition for review invoking this Court's original equity jurisdiction and seeking to enjoin the University from requiring her to obtain 1,000 hours of supervised experience as a prerequisite to certification. Petitioner asked the Chancellor to direct the University to grant her certification based upon completion of 540 hours. Petitioner also requested an award of liquidated damages, attorneys' fees and costs. The parties filed a joint stipulation agreeing that the record compiled at the hearing on Petitioner's application for special relief would constitute the record for the purpose of finally disposing of the petition for review.

The 1985–1987 graduate catalog, which required 540 hours of internship, contained an unnumbered page with the following language.

This catalog contains regulations, facts, and requirements that were correct at the time of publication. The

---

1. Pursuant to Pa.R.C.P. No. 227.1, Petitioner should have filed a motion for post-trial relief rather than exceptions. We will therefore treat these exceptions as a motion for post-trial relief.

governing personnel and Graduate Dean of California University of Pennsylvania reserve the right and authority to alter any and/or all of the statements contained herein.

In keeping with the educational mission of the University, the educational policies and procedures are continually being reviewed and changed. Consequently, this document cannot be considered binding and must be used solely as an informational guide. Students are held responsible for keeping informed of official policies and meeting all relevant requirements.

The graduate catalog for 1988–1990, which was in effect when Petitioner completed the prerequisites for her internship, required 1,000 hours of supervised experience.

Petitioner contends that, by enrolling in the school psychology program, she entered into a contract with the University, evidenced by the catalog for 1985–1987, which provided for certification as a school psychologist upon completion of a 540 hour internship. Petitioner further contends that she relied on the representation of Sylvia Williams, coordinator of the school psychology program, that the 540 hour requirement would be grandfathered. Finally, Petitioner asserts that the increase in internship requirements was null and void because the University failed to comply with the administrative procedure necessary to implement such a change.[2]

■ With regard to Petitioner's argument that the 1985–1987 catalog constituted a contract between her and the University, the Chancellor correctly concluded that the language contained on the unnumbered page of the 1985–1987 catalog gave the University the right to alter its certification requirements. Therefore, even if the catalog is viewed

2. We note that this issue was not raised in the petition for review and has not been preserved. Pa.R.A.P. 1551. Nonetheless, we agree with the Chancellor's conclusion that the testimony of Dr. Maurice Wilson, chairman of the Psychology Department, is not competent to establish that the University acted inappropriately.

as a contract,[3] the University's decision to increase its certification requirements would not constitute a breach.

■ With regard to Petitioner's allegation that she relied on the representations of Sylvia Williams, Ms. Williams testified that she never told Petitioner that the 540 hour requirement would be grandfathered. Her testimony is corroborated by the depositions of two other students from the school psychology program. Obviously, credibility determinations are to be made by the Chancellor and Petitioner's disagreement with such determinations are not a valid basis for granting Petitioner's exceptions.

Moreover, we note that any reliance by Petitioner on the 540 hour requirement was not justified. The language on the unnumbered page required Petitioner to keep informed of the University's official policies. Further, the record reveals that Petitioner was notified of the increased internship requirements by the University's issuance of both a new catalog and a new manual and by announcements made at regular graduate student meetings.[4]

Accordingly, we deny Petitioner's motion for post-trial relief.[5]

## ORDER

AND NOW, this 21st day of August, 1990, we deny Mary Ann Crabtree's motion for post-trial relief. We hereby enter judgment in favor of California University of Pennsylvania.

3. Nothing in this opinion should be construed as a determination that the catalog was in fact a contract.

4. We further note that graduate students who began their internship prior to January of 1989 were permitted to satisfy the internship requirement by completing 540 hours. Had Petitioner proceeded through the program by taking a full course load each term, she too would have been eligible to apply for an internship under the 540 hour requirement.

5. Having concluded that Petitioner was not entitled to a 540 hour internship, we need not address her claim for damages.