Katie TRAN, Petitioner

v.

**STATE SYSTEM OF HIGHER EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 14, 2009.

Decided Dec. 2, 2009.

James N. Gross, Philadelphia, for petitioner.

Michael S. Ferguson, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge COHN JUBELIRER.

Katie Tran (Petitioner) petitions for review of the order of the Board of Claims (Board), which granted the preliminary objection filed by the State System of Higher Education on behalf of West Chester University (together, University), after finding that it lacked subject-matter jurisdiction pursuant to Section 1724 of the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. § 1724. We affirm on other grounds.

Petitioner filed a civil complaint (Complaint) in the Court of Common Pleas of Chester County (trial court), alleging that, while she was enrolled in the University's nursing program (Program), the University improperly dismissed her from a clinical practicum due to allegations of unsafe clinical practice.[1] Petitioner contends that the University's undergraduate student handbook (Handbook), which sets forth certain procedural guidelines for disciplining students, constitutes a bilateral contract to which the University was bound. According to Petitioner, the University did not follow the procedures set forth in the Handbook when it dismissed her from the clinical practicum. Therefore, Petitioner argues that because the University breached the contract, she is entitled to compensatory damages.[2]

The University filed preliminary objections, asserting, inter alia, that the trial court lacked jurisdiction as the matter involved a breach of contract action against a Commonwealth entity. Upon consent of the parties, the trial court sustained the University's preliminary objection as to jurisdiction and transferred the matter to the Commonwealth Court. (Trial Ct. Order, April 15, 2008.) Following the transfer of the matter, this Court, sua sponte, issued a single-judge memorandum and order in Tran v. West Chester University, No. 252 M.D.2008, slip op. (Pa.Cmwlth. May 5, 2008) (Tran I ), concluding that this Court did not have jurisdiction over the matter but, rather, that jurisdiction lies with the Board.[3] Therefore, this Court transferred the matter to the Board.

---

1. According to Petitioner, the Program required students to enroll in various clinical practicums, and required students to sign a statement indicating that the student would adhere to the "Standards of Safe Clinical Practice." (Complaint ¶¶ 6–9.)

2. Petitioner alleged that: as a result of being dismissed from one clinical practicum, she had to withdraw from another clinical practicum; and "the only time ... that [she] could retake the two clinical practicums would have been in the fall of 2005 resulting in the loss of one year of her schooling and the prepara-

tions, financial and otherwise, [she] undertook in anticipation of completing her nursing requirements during that time." (Complaint ¶ 20.) Among other things, Petitioner averred that, as a result of the University's breach of contract, she was required to enroll at a private university in the spring of 2005 in order to complete her clinical nursing requirements, resulting in her paying higher tuition. (Complaint ¶ 24(1).)

3. In doing so, this Court stated:
Pursuant to Section 761(a)(1)(iv) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(iv), "ac-

Thereafter, Petitioner filed a Statement of Claim with the Board, setting forth the same breach of contract allegations against the University as in the Complaint. The University filed preliminary objections in the nature of a demurrer, asserting that: (1) it was entitled to sovereign immunity as a Commonwealth entity; (2) the Handbook did not constitute a legally binding contract; and (3) the Board did not have subject matter jurisdiction over the action. The Board granted the preliminary objection as to subject matter jurisdiction, but noted that it was granting the preliminary objection for a reason different than that raised by the University.[4]

Citing *Reardon v. Allegheny College,* 926 A.2d 477 (Pa.Super.2007); *Morein v. Drexel University,* 44 Pa. D. & C.4th 13 (2000); *Smith v. Gettysburg College,* 22 Pa. D. & C.3d 607 (1982); and *Eter v. College Misericordia,* 28 Pa. D. & C.3d 402 (1982), the Board held that the Handbook constituted a binding contract between Petitioner and the University. (Board Op. at 3.) However, the Board determined that it no longer had jurisdiction over all contracts with the Commonwealth. (Board Op. at 3.) The Board stated that it only had jurisdiction over those contracts that were included within its enabling provisions, explaining:

> [W]e note that Act 142 of 2002 repealed the Board of Claims long-standing enabling legislation dating back to 1937

tions or proceedings conducted pursuant to the Act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act" are excepted from this Court's original jurisdiction. By Act of December 3, 2002, P.L. 1147, the Board of Claims Act was repealed and new legislation continuing the Board of Claims is now found at 62 Pa.C.S. §§ 1721–1726. The provision for exception to the Commonwealth Court's original jurisdiction has not, however, been amended.

Presently, Section 1724 of Title 62 addresses the Board of Claim's jurisdiction.

(Board of Claims Act, Act 193 of 1937) and restated the Board's enabling and jurisdictional provisions as a subchapter of the Commonwealth Procurement Code, 62 Pa.C.S. § 1721–1726. 62 Pa. C.S. § 102 at (a) and (b) set forth the scope of the Procurement Code (which now includes and circumscribes the Board's enabling legislations) and states that the Procurement Code is intended to apply to "every expenditure of funds, other than the investment of funds, by Commonwealth agencies under any contract ..." and also "to the disposal of supplies of Commonwealth agencies." Moreover, we note that the definitions found in § 103 of the Procurement Code are general definitions which apply "unless the context clearly indicates otherwise" to all provisions of said Code, including the Board's current enabling provisions. We also see that the definitions of "contract", "services" and "supplies" combine to limit the Board's current jurisdiction to the Commonwealth's procurement of supplies, services and real estate and its disposal of real estate and supplies. It does not, by its plain language, encompass contracts for the provision of educational services *by* the Commonwealth, and we are not aware of any context, be it textual, historical or otherwise, which would indicate differently.

As nothing in the new statute or case law interpreting it suggests an intent to change the basic principle that the Board of Claims has exclusive jurisdiction over contractual claims against the Commonwealth government, we are constrained to transfer this action.

*Tran I,* slip op. at 2.

4. Having concluded that it did not have subject matter jurisdiction, the Board did not reach the other preliminary objections filed by the University.

(Board Op. at 3–4 (emphasis in original).) Thus, the Board held that it lacked subject matter jurisdiction under Section 1724 of the Procurement Code, granted the University's preliminary objection, and dismissed Petitioner's Statement of Claim with prejudice. Petitioner now petitions this Court for review.[5]

In her appeal, Petitioner agrees with the Board that it lacked jurisdiction in this matter. However, Petitioner argues that this matter falls within this Court's original jurisdiction and that this Court should not have initially transferred the action to the Board. Petitioner maintains that this Court should now accept the matter in its original jurisdiction.[6]

In response, the University also agrees that the Board did not err in finding that it lacked subject matter jurisdiction in this matter and in granting its preliminary objection. However, the University disagrees with Petitioner's contention that this matter lies in this Court's original jurisdiction, and asserts that Petitioner's contract claims, instead, amount to an untimely appeal from the University's determination dismissing Petitioner from the Program.

Essentially, there are three jurisdictional questions at issue: (1) the Board's jurisdiction; (2) this Court's original jurisdiction; and (3) this Court's appellate jurisdiction. Because of the complexity involved, we will address each jurisdictional question in turn.

## I. Board of Claim's Jurisdiction

 In holding that it did not have subject matter jurisdiction pursuant to Section 1724 of the Procurement Code, the Board first found that the Handbook constituted a contract between the University and Petitioner. The Board primarily relied on *Reardon,* and reasoned that "there is ample case law to establish that a contract is formed between student and university upon payment of tuition providing the student with a contractual right to expect the university to comport itself in accordance with its published rules and guidelines of the type contained in its [Handbook]." (Board's Op. at 3.) Petitioner relies on the same cases cited by the Board for her assertion that the Handbook constitutes a binding, bilateral contract between the University and herself. We disagree.

The Handbook does not constitute a bilateral contract by which the University was bound. The cases relied upon by Petitioner and the Board to establish the existence of such a contract involved *private* college students pursuing contract damages against *private* colleges and universities for averred violations of the disciplinary procedures in the respective student handbooks. *See Reardon.* Pennsylvania Courts have held consistently that the relationship between a student and a *privately* funded college is "strictly contractual in nature." *Reardon,* 926 A.2d at 480; *see also Barker v. Bryn Mawr College,* 278

---

5. Where preliminary objections are granted and a case is dismissed on issues of law, this Court's review is plenary. *Reardon,* 926 A.2d at 480.

6. To the extent that Petitioner argues that she should not be penalized for failing to appeal this Court's order in *Tran I* transferring the action to the Board, we agree because that order was not a final, appealable order. Pursuant to Pa. R.A.P. 341(b), a final order is an order that: "(1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pa. R.A.P. 341(c)]," which provides that a party may request that the trial court or other governmental unit make a determination on finality. Thus, this Court's order transferring Petitioner's Complaint to the Board was not a final order, and Petitioner's appeal is properly before this Court.

Pa. 121, 122, 122 A. 220, 221 (1923); *Psi Upsilon of Philadelphia v. University of Pennsylvania*, 404 Pa.Super. 604, 591 A.2d 755, 758 (1991); *Boehm v. University of Pennsylvania School of Veterinary Medicine*, 392 Pa.Super. 502, 573 A.2d 575, 579 (1990). In *Psi Upsilon*, the Superior Court explained:

> In the university context[,] due process is defined according to whether the institution is public or private. As stated in *Boehm* ..., the law is fairly well established that in a state owned college or university, due process requires notice and some opportunity for hearing before a student is disciplined. However,
>
> > [t]he law pertaining to judicial review of disciplinary proceedings at private colleges and universities is not so well settled. Generally, it has been said that courts are more reluctant to interfere in the disciplinary proceedings of a private college than those of a public college.... A majority of courts have *characterized the relationship between a **private college** and its students as contractual in nature.* Therefore, *students who are being disciplined are entitled only to those procedural safeguards which the school specifically provides.*

591 A.2d at 758 (quoting *Boehm*, 573 A.2d at 579) (italicized emphasis in original) (bold emphasis added) (citations omitted). Moreover, this Court has declined to construe the student handbook of a public university as a contract between the public university and the student. *Crabtree v. California University of Pennsylvania*, 147 Pa.Cmwlth. 1, 606 A.2d 1239, 1240 n. 3 (1990). Accordingly, because the University is a public entity, we conclude that the Handbook did not constitute a contract between Petitioner and the University.[7] Absent a contract, there is no question that the Board lacks jurisdiction over Petitioner's contract claims.[8] Thus, we affirm the Board's grant of the University's preliminary objection as to the Board's jurisdiction on other grounds.[9]

## II. Commonwealth Court Original Jurisdiction

■ We next turn to Petitioner's assertion that this matter belongs in this Court's original jurisdiction because it involves a breach of contract action against a Commonwealth entity. However, although styled as a contract claim, Petitioner's averments are truly challenges to the disciplinary process followed by the University in dismissing Petitioner from her clinical practicum based on allegations of unsafe clinical practice. (*See* Petitioner's Statement of Issue(s) at 1 (averring that the breach of contract arises from the University's "*non-adherence to disciplinary protocol* as detailed in the Undergraduate Student Handbook" (emphasis added)).) Thus, Petitioner's claim is really an appeal from the underlying disciplinary action imposed by the University for Petitioner's violation of the clinical procedures.

Because the University is part of the

---

7. Rather, the Handbook set forth the administrative procedures and remedies available and, if the University failed to follow those procedures and remedies, Petitioner could have, and should have, appealed the University's determinations.

8. Because we conclude that there was no contract between the University and Petition-

er, we do not reach the issue of whether the Board lacked jurisdiction under Section 1724 of the Procurement Code.

9. "This Court may affirm on other grounds where grounds for affirmance exist." *Bonifate v. Ringgold School District*, 961 A.2d 246, 253 n. 2 (Pa.Cmwlth.2008).

State System of Higher Education[10] and, therefore, is a Commonwealth agency, and because Petitioner's averments require this Court to review the final determination of the University dismissing Petitioner from the clinical practicum, this is a matter for our appellate review under Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1). *See Ruane v. Shippensburg University*, 871 A.2d 859, 860 n. 1 (Pa. Cmwlth.2005); *East Stroudsburg University v. Hubbard*, 140 Pa.Cmwlth. 131, 591 A.2d 1181, 1185–86 (1991). In *East Stroudsburg University*, this Court explained that a party could not affect the jurisdiction of this Court by the label the party attaches to the proceeding:

> This Court has observed since its inception that it exercises jurisdiction which is "unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than upon the nature of the cause of action asserted." Thus, absent statutory exception, the identity of [East Stroudsburg] University defines the perimeters of this Court's jurisdiction. The identity of [East Stroudsburg] University as a Commonwealth agency is not in dispute. Therefore, the Students *may not circumvent the jurisdiction of this Court*, original or appellate, *by simply labeling their action against [East Stroudsburg] University as an appeal.*

*Id.* at 1184 (emphasis added) (citations omitted). Here, Petitioner sought to place this matter in this Court's original jurisdiction by labeling it a contract action, not an appeal from the underlying disciplinary proceedings. Regardless of how her claim is labeled, Petitioner is seeking the review of the University's final determination dismissing her from the clinical practicum.

As such, this Court lacks original jurisdiction over the matter. *See Pennsylvania Department of Aging v. Lindberg*, 503 Pa. 423, 433, 469 A.2d 1012, 1017–18 (1983) (holding that the Commonwealth Court's original jurisdiction over actions against the Commonwealth and its agencies and officers is limited to those actions not within its appellate jurisdiction). "[W]henever a court discovers that it lacks jurisdiction over the subject matter or a cause of action[,] it is compelled to dismiss the matter under all circumstances . . . ." *Hughes v. Pennsylvania State Police*, 152 Pa. Cmwlth. 409, 619 A.2d 390, 393 (1992) (emphasis omitted). Thus, to the extent that Petitioner's Petition for Review is a request for this Court to exercise original jurisdiction over Petitioner's cause of action, this Court has no authority to do so and must dismiss the Petition for Review.

## III. Commonwealth Court Appellate Jurisdiction

As discussed above, the Court agrees with the University's assertion that Petitioner's contract claim is really an untimely appeal of the University's disciplinary proceedings and the determination dismissing her from the Program in 2004. The record before this Court is limited, and Petitioner has not argued that this Court would have appellate jurisdiction over her claim. As such, there is no evidence that Petitioner exhausted the administrative remedies available to her before the University, as discussed in the Handbook and the Student Disciplinary Due Process Requirements set forth in Chapter 505 of the Pennsylvania Code, 22 Pa.Code § 505.1–505.12. Additionally, there is no

---

**10.** *See* Section 2002–A of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, added by Section 2 of the Act of November 12, 1982, P.L. 660, *as amended*, 24 P.S. § 20-2002–A (establishing West Chester University as an institution within the State System of Higher Education).

explanation as to why Petitioner did not follow these procedures and waited three years after the University disciplined her to seek review of the University's discipline, a period well past the timeframe within which this Court would be permitted to accept and consider a petition for review of the University's disciplinary decision. *See* Pa. R.A.P. 1512 (stating that, except in circumstances not applicable here, a "petition for review of a quasijudicial order ... shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order"). "The failure to exhaust administrative remedies, *without good cause, precludes the court from entertaining the matter.*" *Jackson v. Centennial School District,* 509 Pa. 101, 108, 501 A.2d 218, 221 (1985). As such, this matter would be an untimely appeal over which this Court would lack jurisdiction.[11] *See Department of Transportation, Bureau of Traffic Safety v. Weaver,* 51 Pa.Cmwlth. 70, 414 A.2d 144, 145 (1980) (stating that "[a] court to which an untimely appeal is taken lacks jurisdiction and is incompetent to act thereon").

For the foregoing reasons, we affirm the Board's grant of the University's preliminary objection as to the Board's jurisdiction on other grounds. Additionally, to the extent that Petitioner's Petition for Review requests this Court to exercise original jurisdiction over this matter, we dismiss the Petition for lack of jurisdiction.

Judge BUTLER concurs in the result only.

### ORDER

**NOW,** December 2, 2009, the order of the Board of Claims in the above-captioned matter is hereby **AFFIRMED.** Additionally, to the extent that Katie Tran's (Petitioner) Petition for Review requests this Court to exercise original jurisdiction over this matter, the Petition is **DISMISSED** for lack of jurisdiction.

11. To allow Petitioner to bring what is clearly an appeal well after the timeframe within which she could do so, based upon the label she has given it, ignores the parties and capacities in which they have been sued, the timeframes set forth in Pa. R.A.P 1512, and the limitations on jurisdiction set by statutory authority and precedent.