IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geneva Johnson,                       :
                      Petitioner      :
                                      :
            v.                        :
                                      :
Pennsylvania Department of Human      :
Services Bureau of Hearings and       :
Appeals,                              :    No. 517 M.D. 2015
                      Respondent      :    Submitted: February 19, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: May 5, 2016


          The Pennsylvania Department of Human Services (Department) filed
preliminary objections in the nature of a demurrer to Geneva Johnson's (Johnson)
petition for review (Petition) filed in this Court's original jurisdiction. In her Petition,
Johnson asks this Court to reverse the Department's Bureau of Hearings and Appeals'
(Bureau) September 28, 2015 order denying Johnson's permanent legal custodian
(PLC) subsidy and affirming Johnson's eligibility to receive the PLC subsidy so long
as Johnson's niece, Zakiyyah Johnson (Zakiyyah), continues to engage in qualifying
activities through age 21. The issue before this Court is whether Johnson has stated a
claim upon which relief can be granted in this Court's original jurisdiction. After
review, we sustain the Department's preliminary objections.

          In 2001, the General Assembly created a subsidy program which
provides crucial financial support for families willing to become permanent legal
custodians pursuant to Section 6351(f.1)(3) of the Juvenile Act, 42 Pa.C.S. §

6351(f.1)(3). The PLC subsidy is a need-based program which mandates the legal custodian to meet all of the requirements for foster parenthood, submit to an annual eligibility evaluation and have the ability to provide for the child without court supervision.

Johnson is the primary caregiver and permanent legal custodian of Zakiyyah, who is a full-time Pennsylvania State University (PSU) student in State College, Pennsylvania. Johnson has been Zakiyyah's sole caregiver and permanent legal custodian, and has received a PLC subsidy since 2009, when Zakiyyah was 11 years old. The PLC subsidy has been crucial to Johnson's ability to financially provide for her niece's basic needs, as Johnson solely uses that money for Zakiyyah's books, clothing, food, toiletries and other personal items.

In June 2012, Johnson's sister, Zakiyyah's mother, filed a petition to modify custody, in which she sought full legal and physical custody of then-14-year-old Zakiyyah. In response, a new set of permanency hearings were conducted to determine if Zakiyyah's reunification with her mother was possible. In January 2013, when Zakiyyah was 15 years old, the petition to modify custody was resolved, and Johnson retained her PLC subsidy. Zakiyyah graduated from Multicultural Academy Charter School in Philadelphia on June 12, 2015. Zakiyyah has always been a hard-working student dedicated to pursuing a college education. Zakiyyah turned 18 years old in August 2015, as she was leaving for PSU to begin her first year of college.

In 2012, the definition of "child" eligible for the PLC subsidy was amended by Act of June 30, 2012, P.L. 668, No. 80 (Act 80), which revised what was then called the Public Welfare Code[1] to extend subsidy eligibility to age 21 for

---

[1] The Act of June 13, 1967 (P.L. 31, No. 21), *as amended,* 62 P.S. §§ 101–1503. Effective December 28, 2015, the Public Welfare Code was renamed the "Human Services Code." 62 P.S. § 101.

caretakers of children who were older than age 13 when their associated PLC orders were effective and who engaged in one of the following activities:

> (i) completing secondary education or an equivalent credential;
>
> (ii) enrolled in an institution which provides postsecondary or vocational education;
>
> (iii) participating in a program actively designed to promote or remove barriers to employment;
>
> (iv) employed for at least 80 hours per month; or
>
> (v) incapable of doing any of the activities described in subparagraph (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

Section 1302 of the Public Welfare Code, 62 P.S. § 1302.[2]

The Department notified Johnson by July 9, 2015 letter, received on July 17, 2015, that her PLC subsidy would be discontinued on Zakiyyah's 18th birthday in August 2015. On August 11, 2015, Johnson appealed from the Department's July 9, 2015 notice. On August 25, 2015, the Department issued a Rule to Show Cause requesting factual and legal support to continue Johnson's PLC subsidy. On September 16, 2015, Johnson submitted her response to the Rule to Show Cause. On September 28, 2015, the Bureau issued an order denying Johnson's PLC subsidy. On October 28, 2015, Johnson filed her Petition in this Court's original **and** appellate jurisdictions. On November 25, 2015, the Department filed preliminary objections in the nature of a demurrer to Johnson's Petition filed in this Court's original jurisdiction. On December 8, 2015, Johnson opposed the Department's preliminary objections.

---

[2] Added by Section 1 of Act of September 30, 2003, P.L. 169.

3

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

The Department argues that Johnson's Petition fails to state a claim for which relief can be awarded in this Court's original jurisdiction because the Petition is based solely on alleged errors in the Bureau's adjudication and does not assert or identify an original jurisdiction cause of action. We agree.

The Pennsylvania Supreme Court expressly held:

> [T]hose matters our legislature has placed within Commonwealth Court's appellate jurisdiction under Section 763 [of the Judicial Code, 42 Pa.C.S. § 763,] are excluded from its original jurisdiction under Section 761(a)(1) [of the Judicial Code, 42 Pa.C.S. § 761(a)(1)]. In short, the Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its . . . appellate jurisdiction over appeals from Commonwealth agencies, whether directly under Section 763(a)(1) or (2) [of the Judicial Code], indirectly under Section 762(a)(3) or (4) [of the Judicial Code] or otherwise within its appellate jurisdiction.

*Pa. Dep't of Aging v. Lindberg*, 469 A.2d 1012, 1015-16 (Pa. 1983). Section 763(a)(1) of the Judicial Code defines this Court's appellate jurisdiction, in relevant part:

> **General rule.--** . . . the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:
>
> (1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action) or otherwise . . . and from any other Commonwealth agency having Statewide jurisdiction.

42 Pa.C.S. § 763(a)(1).

Johnson properly admits in her answer to the Department's preliminary objections that "Johnson has applied for a review of a final order of a Commonwealth agency, **which is squarely within the appellate jurisdiction of this Honorable Court** under 42 Pa.C.S. § 763(a)(1)." Johnson's Answer to Department's Preliminary Objections at 2 (emphasis added).

> This Court has observed since its inception that it exercises jurisdiction which is 'unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than upon the nature of the cause of action asserted.' Thus, absent statutory exception, the identity of [the Department] defines the perimeters of this Court's jurisdiction. The identity of [the Department] as a Commonwealth agency is not in dispute. Therefore, [Johnson] *may not circumvent the jurisdiction of this Court,* original or appellate, *by simply labeling* [*her*] *action against* [*the Department*] *as* [*a complaint in equity*].
>
> [*E. Stroudsburg Univ. v. Hubbard,* 591 A.2d 1181,] 1184 [(Pa. Cmwlth. 1991)] (emphasis added) (citations omitted). Here, [Johnson] sought to place this matter in this Court's original jurisdiction by labeling it [an equity] action, not an appeal from the underlying . . . proceedings. Regardless of

5

> how her claim is labeled, [Johnson] is seeking the review of the [Bureau's September 28, 2015 order.]
>
> As such, this Court lacks original jurisdiction over the matter.

*Tran v. State Sys. of Higher Educ.,* 986 A.2d 179, 184 (Pa. Cmwlth. 2009). Accordingly, the Department's preliminary objections to Johnson's Petition filed in this Court's original jurisdiction are sustained.[3]  Since Johnson filed in both this Court's original and appellate jurisdictions, Johnson's Petition filed in this Court's original jurisdiction is dismissed, and the Petition will proceed in this Court's appellate jurisdiction.

_____
ANNE E. COVEY, Judge

---

[3] "Due to our disposition, we dismiss as moot [the Department's remaining] preliminary objections . . . ." *Seitel Data, Ltd. v. Ctre. Twp.,* 92 A.3d 851, 863 (Pa. Cmwlth. 2014).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geneva Johnson,            :
          Petitioner     :
                         :
        v.               :
                         :
Pennsylvania Department of Human  :
Services Bureau of Hearings and    :
Appeals,                :    No. 517 M.D. 2015
          Respondent   :

## O R D E R

AND NOW, this 5th day of May, 2016, the Pennsylvania Department of Human Services' preliminary objections in the nature of a demurrer to Geneva Johnson's (Johnson) petition for review (Petition) filed in this Court's original jurisdiction are SUSTAINED. Accordingly, Johnson's Petition filed in this Court's original jurisdiction is DISMISSED.

_____
ANNE E. COVEY, Judge